The **CITY OF HOUSTON and Susan McMillian, Appellants,**

v.

**Juanita FLETCHER, Appellee.**

**No. 14–01–00159–CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

Jan. 10, 2002.

Rhonda Denice Walls, Houston, for appellants.

Joyce Keating, Houston, for appellee.

Panel consists of Justices YATES, FOWLER and WITTIG.[*]

## OPINION

FOWLER, Justice.

By interlocutory appeal, Appellants, City of Houston and Susan McMillian appeal the trial court's denial of their second plea to the jurisdiction in this employment discrimination suit. The issue of first impression before us is whether a complainant, who has filed a timely complaint with the Texas Commission on Human Rights and has let 180 days elapse since the alleged unlawful employment practice, must additionally request a right-to-sue letter before she can file suit against her employer. We hold that a complainant is not required to take the extra step of requesting a right-to-sue letter. A complainant *may* request the letter but is not *required* to request it. In light of our conclusion, we affirm the ruling of the trial court.

### THE TEXAS COMMISSION ON HUMAN RIGHTS ACT

■ Under the Texas Commission on Human Rights Act ("the Act"), a person claiming employment discrimination must

[*] Senior Justice Wittig sitting by assignment.

exhaust all administrative remedies prior to bringing a civil action in the district court. TEX. LAB.CODE ANN. §§ 21.201–.262 (Vernon 1996 & Supp.2001); *Schroeder v. Texas Iron Works, Inc.,* 813 S.W.2d 483, 486 (Tex.1991). To comply with the exhaustion requirement under the Act, an aggrieved employee must do the following: (1) file with the Texas Commission on Human Rights ["the Commission"], a sworn, written complaint within 180 days of the alleged discriminatory act; (2) allow the Commission 180 days to dismiss or resolve the complaint before filing suit; and (3) file suit in district court no later than two years after the complaint is filed with the Commission. TEX. LAB.CODE ANN. §§ 21.201–.202, .208, .256 (Vernon 1996).[1] As we explain below, our reading of the statutes lead us to conclude that exhaustion occurs when the complainant files a timely charge with the commission and waits 181 days to file suit. *Id.* § 21.208 (Vernon 1996).

However, appellants contend that, in addition to these requirements, one must also request a right-to-sue letter pursuant to Texas Labor Code § 21.252 before filing a civil action in district court.[2] Section 21.252 discusses a complainant's right to request written notice of her right to sue and whether the Commission's failure to issue a right-to-sue letter will impact the complainant's right to sue.

*Notice of Complainant's Right to File Civil Action*

(a) A complainant who receives notice under Section 21.208 that the complaint is not dismissed or resolved is entitled to request from the commission a written notice of the complainant's right to file a civil action.

(b) The complainant must request the notice in writing.

(c) The executive director may issue the notice.

(d) Failure to issue the notice of a complainant's right to file a civil action does not affect the complainant's right under this subchapter to bring a civil action against the respondent.

TEX. LAB.CODE ANN. § 21.252 (Vernon 1996).

Appellants argue that requesting a right-to-sue letter is an additional jurisdictional requirement. In absence of this request, appellants argue, a plaintiff has not exhausted all administrative remedies, and the trial court is deprived of jurisdiction. As we discuss below, we reject appellant's novel argument because it conflicts with a plain reading of the statute.

### RULES OF STATUTORY CONSTRUCTION

When construing a statute, we look at the statute as a whole and interpret it in a way that gives full effect to all of the statute's provisions. *Jones v. Fowler,* 969 S.W.2d 429, 432 (Tex.1998). To best determine the legislative purpose of a statute, we give the words their ordinary meaning. *Rivas v. State,* 787 S.W.2d 113, 115 (Tex.App.—Dallas 1990, no writ), *implied overruling on other grounds recognized by State v. Stevenson,* 993 S.W.2d 857 (Tex.App.—Fort Worth 1999, no pet.). "Words and phrases shall be read in context and construed according to the rules of grammar and common usage." TEX. GOV'T CODE ANN. § 311.011(a) (Vernon 1998); TEX. LAB.CODE ANN. § 1.002 (Vernon 1996) (providing that chapter 311 of the Government Code applies to the construction of all provisions of the Labor Code). Moreover, in reference to the Act, the

---

**1.** It is not disputed that Ms. Fletcher complied with all of these requirements.

**2.** Ms. Fletcher requested a right-to-sue letter after filing suit.

Texas Administrative Code specifically states that the provisions "shall be construed according to the fair import of their meaning" and "[t]he Commission does not intend that a failure to comply with these sections ... should constitute a jurisdictional or other bar to administrative or legal action unless otherwise required...." 40 Tex. Admin. Code § 321.3 (2001).

## Discussion

■ We have scrutinized § 21.252, and we do not find any jurisdictional language in it. In fact, we find just the opposite. The whole tenor of the section is permissive and non-jurisdictional. The title of the section is "Notice of Complainant's Right to File Civil Action." Subsection (a) contains permissive language stating that a complainant who has received § 21.208 notice that a complaint is not dismissed or resolved "is entitled" to request a right-to-sue letter. *Id.* § 21.252(a). Subsection (b) contains the only requirement in the entire section; it requires a complainant to request the right-to-sue letter in writing. *Id.* § 21.252(b). Subsection (d) contains the "non-jurisdictional" language. It explicitly states that the failure of the commission to issue a right to sue letter will not impact the complainant's right to sue. *Id.* § 21.252(d). Possibly the most interesting sub-section for our purposes is subsection (c), which allows, but does not require, the executive director to issue the notice. *Id.* § 21.252(c). So, taking the subsections together, we are confronted with the following. A complainant (who has received notice of dismissal or failure to resolve) is entitled to request the letter. The executive director may—but does not have to—issue it. And, the failure to issue the letter does not impact the complainant's right to sue. If the director does not have to issue it, and the complainant can sue even if it is not issued, as long as 180

days have elapsed, we see no need to require the complainant to ask for it before she can sue. We cannot think of a reason significant enough to prevent suit. In short, we fail to see any substantiation for the City's claim that the complainant must request the letter before she can turn to the courts.

■ We conclude that it is the *entitlement* to the right-to-sue letter that exhausts the complainant's administrative remedies. The statute certainly supports an interpretation that the right-to-sue letter is *notice* of exhaustion, not actually part of exhaustion. Specifically, a plaintiff is entitled to a right-to-sue letter by the mere passage of 180 days after filing a timely, sworn, written complaint with the Commission. Tex. Lab.Code Ann. § 21.208 (Vernon 1996). Thus, from a plain reading of the statute as a whole, we find that the right-to-sue letter is only *notice* of exhaustion, not an element of exhaustion. Therefore, for jurisdictional purposes, a plaintiff need not request a right-to-sue letter because it is the mere entitlement to the letter that exhausts the administrative process and ends the Commission's exclusive jurisdiction. *Stinnett v. Williamson County Sheriff's Dep't,* 858 S.W.2d 573, 577 (Tex.App.—Austin 1993, writ denied).

The case law also indirectly supports this conclusion. Case law construing section 21.252 and its predecessor holds that receipt of a right-to-sue letter is not a jurisdictional requirement. *Eckerdt v. Frostex Foods, Inc.,* 802 S.W.2d 70, 71 (Tex.App.—Austin 1990, no writ) (construing the former statute and concluding that obtaining a right-to-sue letter is not a mandatory prerequisite to filing suit). Guided by the plain meaning of the statute, the *Eckerdt* court pointed out that the statute does not refer to a right-to-sue letter in jurisdictional terms. *Id.* And,

Texas courts uniformly interpret a complainant's entitlement to a right-to-sue letter permissively. *Schroeder*, 813 S.W.2d at 486 ("The complainant may request from the commission a written notice of the complainant's right to file a civil action."); *Gorges Foodservice, Inc. v. Huerta*, 964 S.W.2d 656, 664 (Tex.App.—Corpus Christi 1997, no pet.) (stating that a party who has filed a timely complaint *may* request a right to sue letter); *see also Vielma v. Eureka Co.*, 218 F.3d 458, 463 n. 5 (5th Cir.2000) (comparing the federal and Texas statutes and noting that the Texas process "contemplates a mandatory notice of dismissal and then the mailing of the 'right to sue' letter only upon request"). In short, although the courts in these cases did not have the jurisdictional issue squarely before them, they certainly state that a request of a right to sue letter is optional.

Additionally, Texas and federal courts have held that an employment commission's failure to send a right-to-sue letter in a timely fashion does not interfere with the complainant's right to prosecute the complainant's suit. *Eckerdt*, 802 S.W.2d at 71–72; *Green v. Aluminum Co. of Am.*, 760 S.W.2d 378, 380 (Tex.App.—Austin 1988, no writ); *Henderson v. Eastern Freight Ways, Inc.*, 460 F.2d 258 (4th Cir. 1972); *Stapper v. Texas Dep't of Human Resources*, 470 F.Supp. 242, 244 (W.D.Tex. 1979); *Vielma*, 218 F.3d at 463 (pointing out that the complainant need not wait for the letter before filing suit).

We acknowledge the federal authority the City cites holding that a complainant's request for the right-to-sue letter is jurisdictional. *Jones v. Grinnell Corp.*, 235 F.3d 972, 974–74 (5th Cir.2001); *see also Luna v. Walgreen Co.*, 2001 WL 1142806 (N.D.Tex.2001). However, we also note that neither of these cases involved the same facts that we have here, namely a complainant who timely filed a complaint, and let 180 days elapse from the date of the unlawful act before filing suit. Indeed, both *Jones* and *Luna* involved plaintiffs who filed complaints with the Equal Employment Opportunity Commission (EEOC), but failed to indicate that they wanted their charges to be "filed with both the EEOC and the State or local agency." *Luna*, 2001 WL 1142806, at *3. Then, after receiving their right-to-sue letters from the EEOC, both plaintiffs sued in state court, alleging state law causes of action. *Id.* Thus, both plaintiffs completely failed to file an initial complaint with the Texas agency. It was this error, not the failure to obtain a right-to-sue letter, which constituted the plaintiffs' failure to exhaust their state administrative remedies. Thus, we respectfully decline to follow these cases; they are distinguishable, merely persuasive, and not binding.

### CONCLUSION

We conclude that the right-to-sue letter is not part of the exhaustion requirement and hold that compliance with section 21.252 is not a jurisdictional prerequisite to suit under the Act. To hold otherwise would violate the rules of statutory construction and disregard prior case law construing the Act.