Adolph **RICE**, Appellant

v.

**RUSSELL–STANLEY, L.P.,** Appellee.

No. 10–01–261–CV.

Court of Appeals of Texas,
Waco.

Jan. 28, 2004.

Thomas Sheffield, League City, for Appellant/Relator.

John A. Stephens, Fulbright Winniford, Waco, Jill Waldman, Constangy, Brooks & Smith, L.L.C., Kansas City, MO, for Appellee/Respondent.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.[2]

## OPINION

TOM GRAY, Chief Justice.

Adolph Rice was removed from his position as traffic coordinator for Russell–

2. This case was submitted with former Chief Justice Davis on the panel, but he resigned effective August 4, 2003. *See* TEX.R.APP. P. 41.1(c). Justice Reyna, who took the oath of office on January 5, 2004, participated in the decision of the court.

Stanley L.P. Rice alleges the removal was because of his age and, thus, violated state law. He filed suit in state court approximately six months after his removal. Russell–Stanley filed a no-evidence motion for summary judgment asserting that because Rice had no evidence he had received a TCHR right-to-sue letter, he had failed to exhaust his administrative remedies. The trial court granted the motion for summary judgment. Rice appeals.

Rice presented no evidence that he had received a right-to-sue letter from TCHR. Because receipt of a right-to-sue letter is merely notice of the exhaustion of remedies and does not constitute part of actually exhausting administrative remedies, the trial court erred in granting summary judgment on this basis.

### BACKGROUND

Rice was terminated from his employment with Russell–Stanley and replaced by a younger employee. He signed a discrimination complaint addressing it to both the Texas Commission on Human Rights and the Equal Employment Opportunity Commission. At the bottom of the complaint, Rice checked a box by the statement: "I want this charge filed with both the EEOC and the State or local Agency, if any."

Approximately two months later, the EEOC sent Rice notice of his right to sue. This notice specified that Rice had the right to pursue legal action "under the ADEA [Age Discrimination in Employment Act] upon the expiration of 60 days from the filing of your charge [with the EEOC] or within 90 days of receipt of this notice." Rice filed suit in state court within 90 days of receiving the EEOC's right-to-sue letter, and 144 days after signing

his discrimination complaint, alleging violations of the Texas Labor Code. *See* Tex Lab.Code Ann. § 21.051 (Vernon 1996).

Russell–Stanley filed a no-evidence motion for summary judgment. Tex.R. Civ. P. 166a(i). Russell–Stanley argued that summary judgment is proper because there is no evidence that Rice exhausted his state administrative remedies before filing suit; specifically, that Rice had not received a right-to-sue letter from the TCHR. In his response, Rice argued that the lack of a right-to-sue letter from the TCHR has no effect on a plaintiff's right to file a lawsuit under the Texas Labor Code. And, in its reply, Russell–Stanley contended that because Rice did not a) receive a right-to-sue letter from the TCHR, or b) wait 180 days to file suit from the time he filed his complaint with the TCHR [1], he did not exhaust his state administrative remedies; and therefore, summary judgment should be granted. The trial court granted Russell–Stanley's no-evidence motion for summary judgment and ordered Rice take nothing. Rice brings two issues on appeal:

1) Whether, in prosecuting a state law-based claim of age discrimination under Texas Labor Code section 21.051, a Plaintiff must first secure a right to sue letter from the Texas Commission on Human Rights in order to demonstrate exhaustion of remedies; and,

2) Whether a Plaintiff in a state law-based age discrimination lawsuit sufficiently shows exhaustion of remedies to bring a claim where he files a charge of discrimination with the Federal Equal Employment Opportunity Commission that is also directed to be forwarded to

---

1. This was raised only in reply to Rice's response. As such, it is not a ground on which the motion for summary judgment could be granted. It cannot be considered an alternative ground on which the judgment could be based.

the Texas Commission on Human Rights.

Accordingly, we consider only Rice's state law based discrimination claims against Russell–Stanley in this appeal.

### NO-EVIDENCE MOTION FOR SUMMARY JUDGMENT

■ We apply the same standard in reviewing a no-evidence summary judgment as we would in reviewing a directed verdict. *Dodd v. City of Beverly Hills,* 78 S.W.3d 509, 512 (Tex.App.-Waco 2002, pet. denied). We review the summary-judgment evidence in the light most favorable to the non-movant, disregarding all contrary evidence and inferences. *Id.* A no-evidence summary judgment will be defeated if the non-movant produces some evidence on the elements challenged by the movant. *See Springer v. Am. Zurich Ins. Co.,* 115 S.W.3d 582, 584 (Tex.App.-Waco 2003, pet. denied); *Moore v. K Mart Corp.,* 981 S.W.2d 266, 269 (Tex.App.-San Antonio 1998, pet. denied).

### RIGHT TO SUE

■ Under a "Worksharing Agreement," the EEOC and the TCHR designated each other as agent for the purpose of receiving complaints. *Vielma v. Eureka Co.,* 218 F.3d 458, 462 (5th Cir.2000). When a complainant files an initial charge with the EEOC, the charge will also be considered filed with the TCHR. *Id.* at 462–463.

■ Chapter 21 of the Labor Code, also known as the Commission on Human Rights Act, deals with employment discrimination. TEX. LAB.CODE ANN. §§ 21.001–.306 (Vernon 1996 & Supp.2003). The Texas Supreme Court has held that exhausting the administrative remedies outlined in the Act is a mandatory prerequisite to filing a civil action alleging a violation of the Act. *Schroeder v. Texas*

*Iron Works, Inc.,* 813 S.W.2d 483, 485 (Tex.1991). In order to comply with this exhaustion requirement, an employee must: 1) file a complaint with the TCHR within 180 days of the alleged discriminatory act; 2) allow the TCHR to dismiss the complaint or resolve the complaint within 180 days before filing suit; and 3) file suit no later than two years after the complaint is filed. *See* TEX. LAB.CODE ANN. §§ 21.201–.202, .208, .256 (Vernon 1996). The TCHR shall inform the complainant of the dismissal or failure to resolve the complaint in writing by certified mail. TEX. LAB.CODE ANN. § 21.208 (Vernon 1996).

■ But, mere possession of a right-to-sue letter is not mandatory before filing suit. *See* TEX. LAB.CODE ANN. § 21.252 (Vernon 1996). As the Fourteenth Court so aptly stated:

A complainant (who has received notice of dismissal or failure to resolve) is entitled to request the letter. The executive director may—but does not have to—issue it. And, the failure to issue the letter does not impact the complainant's right to sue.

\* \* \*

We conclude that it is the entitlement to the right-to-sue letter that exhausts the complainant's administrative remedies. The statute certainly supports an interpretation that the right-to-sue letter is notice of exhaustion, not actually part of exhaustion.

*City of Houston v. Fletcher,* 63 S.W.3d 920, 923 (Tex.App.-Houston [14th Dist.] 2002, no pet.). We agree that the right-to-sue letter is not part of the exhaustion requirement, only notice of exhaustion.

Russell–Stanley asserted only one basis for its summary judgment motion: that Rice had no evidence of a right-to-sue letter. Russell–Stanley did *not* contest

whether Rice had actually received a notice of dismissal or failure to resolve from the TCHR. The TCHR is *required* to send such notice. If Rice received a notice of dismissal or failure to resolve, then he was *entitled* to request, in writing, a right-to-sue letter. Rice was not *required* to request it. Thus, because the right-to-sue letter is not part of the exhaustion of administrative remedies requirement, Rice was not required to present evidence that he received a right-to-sue letter from the TCHR. Rice's first issue is sustained.

Because we sustain Rice's first issue, we need not address his second issue.

### CONCLUSION

Therefore, we hold that the trial court erred in granting Russell–Stanley's no-evidence summary judgment motion. The trial court's judgment is reversed and remanded for further proceedings consistent with this opinion.