# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-04-00449-CV

### Wanda Westbrook, Appellant

### v.

### Water Valley Independent School District, Appellee

---

**FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 119TH JUDICIAL DISTRICT
NO. B-03-0361-C, HONORABLE BEN WOODWARD, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

Appellant Wanda Westbrook sued her former employer, appellee Water Valley Independent School District ("WVISD"), alleging age and gender discrimination. The trial court dismissed for lack of subject-matter jurisdiction. The sole issue on appeal is whether Westbrook exhausted her administrative remedies under the Texas Commission on Human Rights Act ("the Act") before filing her lawsuit. We find that she did, and we reverse and remand.

## BACKGROUND

Westbrook worked for WVISD as the cafeteria manager from 1981 to 2001. According to Westbrook, in 1999 the newly hired superintendent began treating her with "noticeable disrespect and contempt." In September 2001, he fired Westbrook "in the presence of her entire

cafeteria staff." She was 64 years old and less than one year away from retirement eligibility. She contends that her termination was based on her age and gender rather than her performance.

Westbrook filed a charge of discrimination with the Federal Equal Employment Opportunity Commission ("EEOC") in January 2002, designating that it be "dual-filed" with the Texas Commission on Human Rights ("TCHR").[1] *See Balli v. El Paso Indep. Sch. Dist.*, 2006 Tex. App. LEXIS 1845, at *10-11 (Tex. App.—El Paso Mar. 9, 2006, no pet. hist.) (describing worksharing agreement between EEOC and TCHR, under which agencies are limited agents for one another for purposes of receiving charges of discrimination). Pursuant to the worksharing agreement between the EEOC and the TCHR, Westbrook's charge was transmitted to the TCHR in February 2002. Her charge alleged violations of Title VII of the Civil Rights Act of 1964 ("Title VII") and the Age Discrimination in Employment Act ("ADEA"), but did not reference state employment discrimination laws. The EEOC, after investigating Westbrook's allegations, issued a right to sue letter in January 2003. The TCHR issued its right to sue letter in February 2003 upon Westbrook's request.

Westbrook filed suit in the district court in March 2003. In May 2004, WVISD filed a motion challenging the subject-matter jurisdiction of the trial court on the basis that Westbrook did not exhaust her administrative remedies before the TCHR and, thus, was not entitled to file suit in

---

[1] In 2003, the Legislature abolished the former Texas Commission on Human Rights and transferred its powers and duties to the newly-created Civil Rights Division of the Texas Workforce Commission. *See* Tex. Lab. Code Ann. § 21.0015 (West Supp. 2005); Act of May 28, 2003, 78th Leg., R.S., ch. 302, § 5, 2003 Tex. Gen. Laws 1279, 1281. The enactment became effective on March 19, 2004. *See* Notice Regarding the Transfer of Tex. Comm'n on Human Rights to the Tex. Workforce Comm'n Civil Rights Division, 29 Tex. Reg. 2977 (Mar. 19, 2004).

state court. The trial court granted this motion, dismissing the case without prejudice, in June 2004. The trial court did not state the grounds it relied upon for that ruling. This appeal followed.

Westbrook contends that the trial court erred in dismissing the case because none of the grounds asserted by WVISD demonstrate a lack of subject-matter jurisdiction. Specifically, Westbrook claims that the order of dismissal should be reversed because (1) having designated her EEOC charge for dual-filing, she did not need to file anything separately with the TCHR for the state agency to issue her a "right to sue" letter, (2) she was not required to cite both federal and state authority in the charge she filed with the EEOC for her complaint to be "dual filed" with the TCHR, and (3) the record otherwise demonstrates no failure on Westbrook's part to exhaust her administrative remedies.

**STANDARD OF REVIEW**

Whether a trial court has subject-matter jurisdiction over a case is a question of law subject to *de novo* review. *Hardin Co. Cmty. Supervision & Corr. Dep't v. Sullivan*, 106 S.W.3d 186, 189 (Tex. App.—Austin 2003, pet. denied); *see also Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex. 1998). The plaintiff bears the burden of alleging facts that affirmatively demonstrate the existence of subject-matter jurisdiction. *Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993). An opposing party may challenge the trial court's subject-matter jurisdiction by filing a plea to the jurisdiction. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). A court deciding a plea to the jurisdiction is not required to look solely to the pleadings but may consider evidence and must do so when necessary to resolve the jurisdictional issues raised. *Id.* at 555.

3

**ANALYSIS**

The Texas Commission on Human Rights Act governs employment discrimination claims in Texas. Tex. Lab. Code Ann. §§ 21.001-.306 (West 1996 & Supp. 2005).[2] As a mandatory prerequisite to filing a civil action alleging a violation of the Act, an aggrieved employee must first exhaust her administrative remedies. *Schroeder v. Texas Iron Works, Inc.*, 813 S.W.2d 483, 485 (Tex. 1991). To comply with this exhaustion requirement, the employee must (1) file a complaint with the TCHR within 180 days of the alleged discriminatory act, (2) allow the TCHR to dismiss or resolve the complaint within 180 days before filing suit and, (3) file suit no later than two years after the complaint is filed. *See* Tex. Lab. Code Ann. §§ 21.201-.202, .208, .256; *City of Houston v. Fletcher*, 63 S.W.3d 920, 922 (Tex. App.—Houston [14th Dist.] 2002, no pet.). Failure to comply with these mandatory requirements deprives a court of subject-matter jurisdiction to review a claim alleging a violation of the Act. *Balli*, 2006 Tex. App. LEXIS 1845, at *9 (citing *Schroeder*, 813 S.W.2d at 488).

The Act mandates that certain facts be included as part of the substance of the complaint. Specifically, the complaint must state: (1) that an unlawful employment practice has been committed; (2) the facts on which the complaint is based, including the date, place, and circumstances of the alleged unlawful employment practice; and (3) facts sufficient to enable the TCHR to identify the respondent. Tex. Lab. Code Ann. § 21.201(c). The Act does not, however, require that the employee provide legal citations as part of the substance of the complaint. *See id.*;

---

[2] While there have been minor amendments to the Act since Westbrook filed her complaint, none of the changes are relevant to this appeal. Thus, we will cite to the current version of the statute.

4

*see also Williams v. Northrop Grumman Vought*, 68 S.W.3d 102, 109 (Tex. App.—Dallas 2001, no pet.) (holding that state law claims were properly brought even though plaintiff's dual-filed EEOC charge cited only federal law because section 21.201(c) only requires charge to contain factual statements; citation to Act was unnecessary in order to exhaust administrative remedies with TCHR).

The TCHR was designed to work alongside the EEOC in enforcing Title VII and the ADEA. *Schroeder*, 813 S.W.2d at 485. It is well-established that, pursuant to a worksharing agreement between the TCHR and the EEOC, each entity serves as a limited agent of the other for purposes of receiving and processing complaints and charges. *Vielma v. Eureka Co.*, 218 F.3d 458, 463-64 (5th Cir. 2000); *Burgmann Seals Am., Inc. v. Cadenhead*, 135 S.W.3d 854, 857 n.3 (Tex. App.—Houston [1st Dist.] 2004, pet. denied); *Ledesma v. Allstate Ins. Co.*, 68 S.W.3d 765, 767 n.1 (Tex. App.—Dallas 2001, no pet.). The purpose of the agreement is to "minimize unnecessary duplication of effort and make the operations of the two agencies more efficient." *Vielma*, 218 F.3d at 462. Thus, an aggrieved employee may satisfy her burden to "file a complaint" with the TCHR by filing a charge with the EEOC and checking a box on the EEOC charge form indicating her desire to have it dually-filed with the state agency.[3] *Id.* at 462-63; *Rice v. Russell-Stanley, L.P.*, 131 S.W.3d 510, 513 (Tex. App.—Waco 2004, pet. denied); *see also Jones v. Grinnell Corp.*, 235 F.3d 972, 973

---

[3] Some courts have held that the employee is not even required to check this box to accomplish dual-filing and exhaust her administrative remedies before the TCHR. *See Balli v. El Paso Indep. Sch. Dist.*, 2006 Tex. App. LEXIS 1845, at *22-26 (Tex. App.—El Paso Mar. 9, 2006, no pet. hist.). In *Balli*, the complainants failed to check the "dual-filing" boxes on their EEOC charges. The EEOC testified that it had nevertheless forwarded their complaints to the TCHR, but other evidence indicated that the TCHR had never received the complaints. The court held that the filing requirement was met when the EEOC forwarded the charges to the TCHR, even if the TCHR never received them, and therefore the complainants had exhausted their administrative remedies. *Id*.

(5th Cir. 2001). The EEOC then forwards a copy of the complaint to the TCHR, which satisfies the state filing requirement. *Griffin v. City of Dallas*, 26 F.3d 610, 612-13 (5th Cir. 1994).

Once the TCHR receives the complaint (either through a direct filing or as forwarded to it from the EEOC), then the TCHR "shall" investigate the complaint "and determine if there is reasonable cause to believe that the respondent engaged in an unlawful employment practice." Tex. Lab. Code Ann. § 21.204(a). Although the statute uses the term "shall," if the required 180 days have passed, the complainant need not show that the TCHR actually conducted an investigation in order to properly exhaust her administrative remedies. *Balli*, 2006 Tex. App. LEXIS 1845, at *25; *see also Burgmann Seals Am., Inc.*, 135 S.W.3d at 857-58.

If the TCHR determines that there is reasonable cause, it shall issue a right to sue letter informing the employee that she has exhausted her administrative remedies and may proceed to suit in a civil court. Tex. Lab. Code Ann. § 21.206. If the TCHR dismisses or fails to resolve the complaint within 180 days of filing, it shall inform the complainant of that decision in writing by certified mail. *Id.* § 21.208. Upon receipt of this notice, the complainant is entitled to request, in writing, a right to sue letter. *Rice*, 131 S.W.3d at 514. If the complainant has waited the required 180 days, however, neither the lack of a notice of dismissal or a right to sue letter "affect the complainant's right . . . to bring a civil action." Tex. Lab. Code Ann. § 21.252(d); *see also Rice*, 131 S.W.3d at 513-14. Although an employee is not required to obtain a right to sue letter prior to filing suit, if the employee has received one, it evidences that she has exhausted her administrative remedies before the TCHR. *Rice*, 131 S.W.3d at 513-14; *see also Fletcher*, 63 S.W.3d at 923.

In this case, Westbrook has exhausted her administrative remedies because she filed her complaint within 180 days of the alleged discriminatory act, she allowed the TCHR 180 days to

6

dismiss or resolve the complaint before filing suit, and she filed suit in district court within two years after she filed her complaint. Furthermore, Westbrook produced a right to sue letter from the TCHR as evidence that she had exhausted her administrative remedies before the state agency. Specifically regarding the three issues raised by Westbrook, we hold that (1) by properly designating her complaint for dual-filing, including "checking the box" on the EEOC form, Westbrook was not required to file anything separately with the TCHR; (2) her complaint contained the facts required in section 21.201(c), and she was not required to cite Texas law in the substance of her complaint; and (3) the record demonstrates no failure on Westbrook's part to exhaust her administrative remedies. We therefore sustain each of Westbrook's three issues.

## CONCLUSION

Because the record is conclusive that Westbrook complied with the Act's statutory requirements to exhaust her administrative remedies, the trial court had subject-matter jurisdiction to review the claims she filed against WVISD alleging violations of the Act based on age and gender discrimination. Having sustained each of Westbrook's issues, we reverse and remand the trial court's order of dismissal to allow Westbrook an opportunity to present the merits of her claims.

_____

W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices B. A. Smith and Pemberton

Reversed and Remanded

Filed: May 5, 2006

7