TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-04-00449-CV






Wanda Westbrook, Appellant


v.


Water Valley Independent School District, Appellee







FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 119TH JUDICIAL DISTRICT

NO. B-03-0361-C, HONORABLE BEN WOODWARD, JUDGE PRESIDING





M E M O R A N D U M O P I N I O N



 Appellant Wanda Westbrook sued her former employer, appellee Water Valley
Independent School District ("WVISD"), alleging age and gender discrimination. The trial court
dismissed for lack of subject-matter jurisdiction. The sole issue on appeal is whether Westbrook
exhausted her administrative remedies under the Texas Commission on Human Rights Act ("the
Act") before filing her lawsuit. We find that she did, and we reverse and remand.


BACKGROUND


 Westbrook worked for WVISD as the cafeteria manager from 1981 to 2001. 
According to Westbrook, in 1999 the newly hired superintendent began treating her with "noticeable
disrespect and contempt." In September 2001, he fired Westbrook "in the presence of her entire
cafeteria staff." She was 64 years old and less than one year away from retirement eligibility. She
contends that her termination was based on her age and gender rather than her performance.

 Westbrook filed a charge of discrimination with the Federal Equal Employment
Opportunity Commission ("EEOC") in January 2002, designating that it be "dual-filed" with the
Texas Commission on Human Rights ("TCHR"). (1) See Balli v. El Paso Indep. Sch. Dist., 2006 Tex.
App. LEXIS 1845, at *10-11 (Tex. App.--El Paso Mar. 9, 2006, no pet. hist.) (describing
worksharing agreement between EEOC and TCHR, under which agencies are limited agents for one
another for purposes of receiving charges of discrimination). Pursuant to the worksharing agreement
between the EEOC and the TCHR, Westbrook's charge was transmitted to the TCHR in February
2002. Her charge alleged violations of Title VII of the Civil Rights Act of 1964 ("Title VII") and
the Age Discrimination in Employment Act ("ADEA"), but did not reference state employment
discrimination laws. The EEOC, after investigating Westbrook's allegations, issued a right to sue
letter in January 2003. The TCHR issued its right to sue letter in February 2003 upon Westbrook's
request.

 Westbrook filed suit in the district court in March 2003. In May 2004, WVISD filed
a motion challenging the subject-matter jurisdiction of the trial court on the basis that Westbrook did
not exhaust her administrative remedies before the TCHR and, thus, was not entitled to file suit in
state court. The trial court granted this motion, dismissing the case without prejudice, in June 2004. 
The trial court did not state the grounds it relied upon for that ruling. This appeal followed.

 Westbrook contends that the trial court erred in dismissing the case because none of
the grounds asserted by WVISD demonstrate a lack of subject-matter jurisdiction. Specifically,
Westbrook claims that the order of dismissal should be reversed because (1) having designated her
EEOC charge for dual-filing, she did not need to file anything separately with the TCHR for the state
agency to issue her a "right to sue" letter, (2) she was not required to cite both federal and state
authority in the charge she filed with the EEOC for her complaint to be "dual filed" with the TCHR,
and (3) the record otherwise demonstrates no failure on Westbrook's part to exhaust her
administrative remedies. 


STANDARD OF REVIEW



 Whether a trial court has subject-matter jurisdiction over a case is a question of law
subject to de novo review. Hardin Co. Cmty. Supervision & Corr. Dep't v. Sullivan, 106 S.W.3d
186, 189 (Tex. App.--Austin 2003, pet. denied); see also Mayhew v. Town of Sunnyvale, 964
S.W.2d 922, 928 (Tex. 1998). The plaintiff bears the burden of alleging facts that affirmatively
demonstrate the existence of subject-matter jurisdiction. Texas Ass'n of Bus. v. Texas Air Control
Bd., 852 S.W.2d 440, 446 (Tex. 1993). An opposing party may challenge the trial court's subject-matter jurisdiction by filing a plea to the jurisdiction. Bland Indep. Sch. Dist. v. Blue, 34 S.W.3d
547, 554 (Tex. 2000). A court deciding a plea to the jurisdiction is not required to look solely to the
pleadings but may consider evidence and must do so when necessary to resolve the jurisdictional
issues raised. Id. at 555.

ANALYSIS

 The Texas Commission on Human Rights Act governs employment discrimination
claims in Texas. Tex. Lab. Code Ann. §§ 21.001-.306 (West 1996 & Supp. 2005). (2) As a mandatory
prerequisite to filing a civil action alleging a violation of the Act, an aggrieved employee must first
exhaust her administrative remedies. Schroeder v. Texas Iron Works, Inc., 813 S.W.2d 483, 485
(Tex. 1991). To comply with this exhaustion requirement, the employee must (1) file a complaint
with the TCHR within 180 days of the alleged discriminatory act, (2) allow the TCHR to dismiss or
resolve the complaint within 180 days before filing suit and, (3) file suit no later than two years after
the complaint is filed. See Tex. Lab. Code Ann. §§ 21.201-.202, .208, .256; City of Houston v.
Fletcher, 63 S.W.3d 920, 922 (Tex. App.--Houston [14th Dist.] 2002, no pet.). Failure to comply
with these mandatory requirements deprives a court of subject-matter jurisdiction to review a claim
alleging a violation of the Act. Balli, 2006 Tex. App. LEXIS 1845, at *9 (citing Schroeder, 813
S.W.2d at 488). 

 The Act mandates that certain facts be included as part of the substance of the
complaint. Specifically, the complaint must state: (1) that an unlawful employment practice has been
committed; (2) the facts on which the complaint is based, including the date, place, and
circumstances of the alleged unlawful employment practice; and (3) facts sufficient to enable the
TCHR to identify the respondent. Tex. Lab. Code Ann. § 21.201(c). The Act does not, however,
require that the employee provide legal citations as part of the substance of the complaint. See id.;
see also Williams v. Northrop Grumman Vought, 68 S.W.3d 102, 109 (Tex. App.--Dallas 2001, 
no pet.) (holding that state law claims were properly brought even though plaintiff's dual-filed EEOC
charge cited only federal law because section 21.201(c) only requires charge to contain factual
statements; citation to Act was unnecessary in order to exhaust administrative remedies with TCHR).

 The TCHR was designed to work alongside the EEOC in enforcing Title VII and the
ADEA. Schroeder, 813 S.W.2d at 485. It is well-established that, pursuant to a worksharing
agreement between the TCHR and the EEOC, each entity serves as a limited agent of the other for
purposes of receiving and processing complaints and charges. Vielma v. Eureka Co., 218 F.3d 458,
463-64 (5th Cir. 2000); Burgmann Seals Am., Inc. v. Cadenhead, 135 S.W.3d 854, 857 n.3 (Tex.
App.--Houston [1st Dist.] 2004, pet. denied); Ledesma v. Allstate Ins. Co., 68 S.W.3d 765, 767 n.1
(Tex. App.--Dallas 2001, no pet.). The purpose of the agreement is to "minimize unnecessary
duplication of effort and make the operations of the two agencies more efficient." Vielma, 218 F.3d
at 462. Thus, an aggrieved employee may satisfy her burden to "file a complaint" with the TCHR
by filing a charge with the EEOC and checking a box on the EEOC charge form indicating her desire
to have it dually-filed with the state agency. (3) Id. at 462-63; Rice v. Russell-Stanley, L.P., 131 S.W.3d
510, 513 (Tex. App.--Waco 2004, pet. denied); see also Jones v. Grinnell Corp., 235 F.3d 972, 973
(5th Cir. 2001). The EEOC then forwards a copy of the complaint to the TCHR, which satisfies the
state filing requirement. Griffin v. City of Dallas, 26 F.3d 610, 612-13 (5th Cir. 1994).

 Once the TCHR receives the complaint (either through a direct filing or as forwarded
to it from the EEOC), then the TCHR "shall" investigate the complaint "and determine if there is
reasonable cause to believe that the respondent engaged in an unlawful employment practice." Tex.
Lab. Code Ann. § 21.204(a). Although the statute uses the term "shall," if the required 180 days
have passed, the complainant need not show that the TCHR actually conducted an investigation in
order to properly exhaust her administrative remedies. Balli, 2006 Tex. App. LEXIS 1845, at *25;
see also Burgmann Seals Am., Inc., 135 S.W.3d at 857-58.

 If the TCHR determines that there is reasonable cause, it shall issue a right to sue
letter informing the employee that she has exhausted her administrative remedies and may proceed
to suit in a civil court. Tex. Lab. Code Ann. § 21.206. If the TCHR dismisses or fails to resolve the
complaint within 180 days of filing, it shall inform the complainant of that decision in writing by
certified mail. Id. § 21.208. Upon receipt of this notice, the complainant is entitled to request, in
writing, a right to sue letter. Rice, 131 S.W.3d at 514. If the complainant has waited the required
180 days, however, neither the lack of a notice of dismissal or a right to sue letter "affect the
complainant's right . . . to bring a civil action." Tex. Lab. Code Ann. § 21.252(d); see also Rice, 131
S.W.3d at 513-14. Although an employee is not required to obtain a right to sue letter prior to filing
suit, if the employee has received one, it evidences that she has exhausted her administrative
remedies before the TCHR. Rice, 131 S.W.3d at 513-14; see also Fletcher, 63 S.W.3d at 923.

 In this case, Westbrook has exhausted her administrative remedies because she filed
her complaint within 180 days of the alleged discriminatory act, she allowed the TCHR 180 days to
dismiss or resolve the complaint before filing suit, and she filed suit in district court within two years
after she filed her complaint. Furthermore, Westbrook produced a right to sue letter from the TCHR
as evidence that she had exhausted her administrative remedies before the state agency. Specifically
regarding the three issues raised by Westbrook, we hold that (1) by properly designating her
complaint for dual-filing, including "checking the box" on the EEOC form, Westbrook was not
required to file anything separately with the TCHR; (2) her complaint contained the facts required
in section 21.201(c), and she was not required to cite Texas law in the substance of her complaint;
and (3) the record demonstrates no failure on Westbrook's part to exhaust her administrative
remedies. We therefore sustain each of Westbrook's three issues.

CONCLUSION


 Because the record is conclusive that Westbrook complied with the Act's statutory
requirements to exhaust her administrative remedies, the trial court had subject-matter jurisdiction
to review the claims she filed against WVISD alleging violations of the Act based on age and gender
discrimination. Having sustained each of Westbrook's issues, we reverse and remand the trial
court's order of dismissal to allow Westbrook an opportunity to present the merits of her claims.


 

 W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices B. A. Smith and Pemberton

Reversed and Remanded

Filed: May 5, 2006
1. In 2003, the Legislature abolished the former Texas Commission on Human Rights and
transferred its powers and duties to the newly-created Civil Rights Division of the Texas Workforce
Commission. See Tex. Lab. Code Ann. § 21.0015 (West Supp. 2005); Act of May 28, 2003, 78th
Leg., R.S., ch. 302, § 5, 2003 Tex. Gen. Laws 1279, 1281. The enactment became effective on
March 19, 2004. See Notice Regarding the Transfer of Tex. Comm'n on Human Rights to the Tex.
Workforce Comm'n Civil Rights Division, 29 Tex. Reg. 2977 (Mar. 19, 2004).
2. While there have been minor amendments to the Act since Westbrook filed her complaint,
none of the changes are relevant to this appeal. Thus, we will cite to the current version of the
statute.
3. Some courts have held that the employee is not even required to check this box to
accomplish dual-filing and exhaust her administrative remedies before the TCHR. See Balli v. El
Paso Indep. Sch. Dist., 2006 Tex. App. LEXIS 1845, at *22-26 (Tex. App.--El Paso Mar. 9, 2006,
no pet. hist.). In Balli, the complainants failed to check the "dual-filing" boxes on their EEOC
charges. The EEOC testified that it had nevertheless forwarded their complaints to the TCHR, but
other evidence indicated that the TCHR had never received the complaints. The court held that the
filing requirement was met when the EEOC forwarded the charges to the TCHR, even if the TCHR
never received them, and therefore the complainants had exhausted their administrative remedies. 
Id.