

NUMBER 13-09-00660-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

CITY OF CORPUS CHRISTI,                                          Appellant,

v.

LORA L. PORTELLA,                                               Appellee.

On appeal from 94th District Court
of Nueces County, Texas.

# MEMORANDUM OPINION

Before Justices Yañez, Rodriguez, and Garza
Memorandum Opinion by Justice Rodriguez

Appellant City of Corpus Christi (the City) appeals from the trial court's denial of its

plea to the jurisdiction in a gender discrimination and retaliation case filed by appellee Lora

L. Portella. *See* TEX. LAB. CODE ANN. §§ 21.051, 21.055 (Vernon 2006). By one issue, the

City contends that the trial court erred in denying its plea because Portella failed to exhaust her administrative remedies; thus, its governmental immunity was not waived. We affirm.

## I. BACKGROUND

According to her petition, in June and July 2008, Portella complained to the City about being subjected to harassment and gender discrimination by her male supervisor. In October 2008, a citizen filed a complaint with the City alleging that she had seen Portella publicly kissing and behaving inappropriately with a non-City employee during work-time and by a City vehicle. The City investigated the citizen's complaint and on October 6, 2008, discharged Portella.

After her discharge, Portella filed a charge of discrimination and retaliation with the Equal Employment Opportunity Commission (EEOC) and the Texas Workforce Commission (TWC).[1] The EEOC sent a letter to Portella dated March 3, 2009, requesting specific information regarding her allegations. The EEOC's letter provided the following:

> Pursuant to the Commission's procedural regulations under 29 CFR 1601.18(b) and the EEOC Compliance Manual, Section 4.4, which require your cooperation in the conduct of its investigation, the Commission will dismiss your charge of employment discrimination for failure to cooperate and issue you a Notice of Right to Sue letter if you fail to provide the requested information by April 2, 2009.

According to the EEOC's March 3 letter, the City's response to the allegations raised by Portella stated that her discharge was based on the City's investigation of a citizen's October 2008 complaint. On March 24, 2009, the EEOC sent a second letter to Portella. In that letter, the EEOC summarized the City's response and asked Portella to submit any

---

[1]Pursuant to the worksharing agreement between the EEOC and the TWC, the charge was investigated by the EEOC.

new documentation in support of her position, including names and other information regarding any rebuttal witnesses, "no later than April 3, 2009."

In a letter dated April 8, 2009, and received by the EEOC on April 17, 2009—after the deadlines set by the EEOC—Portella provided information requested in the EEOC's March 3, 2009 letter.  Portella filed no additional documentation or information in response to the EEOC's March 24, 2009 letter.

On April 15, 2009, the EEOC advised Portella that the Commission had determined to dismiss her charge of employment discrimination.  In relevant part, the EEOC's April 15 letter stated the following:

> Our review of your charge indicates that it is very unlikely that further investigation will establish a violation of the laws we enforce.  The available evidence is insufficient to establish that your sex or retaliation were factors in your employment experiences.  The available evidence was summarized in a March 24, 2009 Commission letter to you.  You failed to provide a response to that letter.  You also failed to provide the information requested in the Commission's March 3, 2009 letter to you.  While not inherently controlling in our decision, we also note the lack of direct evidence of discrimination and the lack of witnesses who could provide specific information to support your claims of discrimination.

Enclosed with the letter was the EEOC's "Dismissal and Notice of Rights" form dated April 15, 2009.  The EEOC explained that it dismissed Portella's claim and closed its file on the charge because it was unable to resolve her complaint.  The EEOC issued the following determination:

> Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent [the City] is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge.

In addition, the EEOC informed Portella of her right to file a lawsuit against the City within ninety days of her receipt of the notice.

3

On April 28, 2009, Portella filed suit against the City contending she was discriminated against in violation of section 21.051 of the labor code. *See id.* § 21.051 (prohibiting discrimination based on race, color, disability, religion, national origin, age, or sex). Portella also claimed the City retaliated against her for filing a complaint against her supervisor by assigning her certain job duties and discharging her from her employment. *See id.* § 21.055 (prohibiting employers from retaliating against their employees for engaging in protected activities such as opposing a discriminatory practice, making a charge, or filing a complaint). The City answered Portella's suit generally denying her claim and raising, inter alia, the affirmative defense of governmental immunity.[2]

The City then filed its plea to the jurisdiction based on immunity from suit and exhaustion of administrative remedies. In response, Portella noted that the EEOC had determined not that she failed to exhaust her administrative remedies, but only that it did not know what happened and advised her of her right to file suit against the City. After the City replied, the trial court denied the City's plea to the jurisdiction.[3] This interlocutory appeal followed. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8) (Vernon 2008)

---

[2]Governmental immunity protects political subdivisions of the State, while sovereign immunity refers to the State's immunity from suit and liability. *Tex. Tech Univ. Health Scis. Ctr. v. Ward*, 280 S.W.3d 345, 348 (Tex. App.–Amarillo 2008, pet. denied) (citing *Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 693 n.3 (Tex. 2003)).

[3]Evidence submitted by the parties included copies of the following: (1) page 3 of the City's investigation report; (2) the EEOC's February 9, 2009 notice to the TWC that the EEOC had received Portella's charge and would be investigating it; (3) an EEOC charge detail inquiry form with notes dated December 17, 2008; (4) the EEOC's April 15, 2009 letter to Portella advising her, among other things, that the EEOC had determined to dismiss her charge of employment discrimination; (5) Portella's interrogatory response providing the name of the friend she stopped to see on October 3, 2008; (6) the EEOC's March 3, 2009 letter to Portella requesting information regarding her allegations; (7) the EEOC's March 24, 2009 letter to Portella summarizing the City's response and requesting additional information, if any; (8) Portella's April 8, 2009 response to the EEOC's March 3 letter; and (9) the EEOC's April 15, 2009 dismissal and notice of rights document informing Portella that the EEOC was closing its file and providing her notice of her right to sue.

(allowing for interlocutory appeals from a ruling on a plea to the jurisdiction by a governmental unit).

## II. STANDARD OF REVIEW

We review a trial court's ruling on a plea to the jurisdiction under a de novo standard of review. *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). The plaintiff bears the burden of alleging facts affirmatively demonstrating the trial court's jurisdiction to hear a case. *Id*. We construe the pleadings liberally in favor of the pleader, look to the pleader's intent, and accept as true the factual allegations in the pleadings. *Id*. at 228; *see City of San Antonio v. Butler*, 131 S.W.3d 170, 174 (Tex. App.–San Antonio 2004, pet. denied). If the governmental entity's plea to the jurisdiction challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised, as the trial court is required to do. *Miranda*, 133 S.W.3d at 227; *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000).

## III. DISCUSSION

By its sole issue, the City contends that the trial court erred in denying its plea to the jurisdiction because Portella failed to fully exhaust her administrative remedies when she refused to cooperate with the EEOC's investigation.[4] The City asserts that because

---

[4]Specifically, the City asserts that Portella failed to cooperate with the EEOC by refusing to provide the name of an eyewitness to the October 2008 incident and to otherwise cooperate in the EEOC's investigation.

5

Portella did not comply with the prerequisites to filing a suit under chapter 21 of the labor code, the City has not waived governmental immunity.

"The [Texas Commission on Human Rights Act (CHRA)] . . . establishes a 'comprehensive administrative review system,' under which the 'exhaustion of administrative remedies is a mandatory prerequisite to filing a civil action alleging violations of the CHRA.'" *Hoffmann-La Roche, Inc. v. Zeltwanger*, 144 S.W.3d 438, 446 (Tex. 2004) (quoting *Schroeder v. Tex. Iron Works, Inc.*, 813 S.W.2d 483, 485, 488 (Tex. 1991)). To comply with the exhaustion requirement, an employee must (1) file a complaint with the EEOC within 180 days of the alleged discriminatory act and (2) allow the EEOC to dismiss the complaint or resolve the complaint within 180 days before filing suit. *Rice v. Russell-Stanley, L.P.*, 131 S.W.3d 510, 513 (Tex. App. Waco 2004, pet. denied); *see* TEX. LAB. CODE ANN. §§ 21.201-.202, 21.208 (Vernon 2006); *see also Gallegos v. Johnson*, No. 13-07-00603-CV, 2010 Tex. App. LEXIS 1330, at **37-38 (Tex. App.–Corpus Christi Feb. 25, 2010, no pet. h.) (mem. op.). A plaintiff's entitlement to a right-to-sue letter signals that she has satisfied the exhaustion requirement. *See Rice*, 131 S.W.3d at 512 (holding that "it is the entitlement to the right-to-sue letter that exhausts the complainant's administrative remedies," not its possession); *City of Houston v. Fletcher*, 63 S.W.3d 920, 923 (Tex. App.–Houston [14th Dist.] 2002, no pet.) (explaining that "[t]he statute certainly supports an interpretation that the right-to-sue letter is notice of exhaustion, not actually part of exhaustion"); *see also Gallegos*, 2010 Tex. App. LEXIS 1330, at *38. Additionally, the suit must be filed no later than two years after the original complaint is filed. *See* TEX. LAB.

6

CODE ANN. § 21.256 (Vernon 2006); *Rice*, 131 S.W.3d at 513; *see also Gallegos*, 2010 Tex. App. LEXIS 1330, at \*\*37-38.

The relevant evidence submitted by the parties in this case, *see Miranda*, 133 S.W.3d at 227; *Blue*, 34 S.W.3d at 554, establishes that the EEOC received, investigated, and resolved Portella's timely-filed complaint. *See Rice*, 131 S.W.3d at 513. Portella allowed the EEOC to resolve the complaint within the requisite time period before filing suit. *See id.* Although Portella's written response was filed after the deadlines set by the EEOC and was not considered as part of its investigation, the EEOC nonetheless made its determination considering the evidence that was properly before it. Based on that evidence, the EEOC dismissed Portella's charge of employment discrimination. The right-to-sue notice indicated that the EEOC had failed to resolve Portella's complaint. This notice evidenced Portella's entitlement to the right-to-sue letter which, in effect, exhausted her administrative remedies. *See Rice*, 131 S.W.3d at 512; *Fletcher*, 63 S.W.3d 923. Finally, Portella filed her suit within two years after the complaint was filed. *See* TEX. LAB. CODE ANN. § 21.256; *Rice*, 131 S.W.3d at 513.

By its argument, the City is asserting that cooperation is required in order to comply with the exhaustion of remedies requirement. The City relies on *City of Waco v. Lopez*. 259 S.W.3d 147, 149-50 (Tex. 2008). In *Lopez*, the plaintiff filed a whistleblower claim in which he alleged that he was fired in retaliation for reporting race and age discrimination against him. *Id*. Lopez did not, however, file a complaint with the CHRA. *Id*. Instead, Lopez elected to characterize his claim as a whistleblower claim and bypass the administrative process. *Id.* at 152-55. The supreme court concluded that the claim fell

7

"squarely under the CHRA, which provide[d] [Lopez's] exclusive state statutory remedy," and that Lopez could "only recover if he satisfie[d] the requirements of the CHRA." *Id*. at 156. Because Lopez had "not pled a cause of action under the CHRA," had "not invoked the procedures of the CHRA to remedy the alleged acts of retaliation and discrimination," and "the time limits for filing a charge or complaint pursuant to the procedures specified in the CHRA [had] long since passed," the court concluded that Lopez had "failed to allege a claim for which the City's governmental immunity [had] been waived." *Id*. *Lopez* addressed the issue of whether a claimant could elect between the Human Rights and Whistleblower Acts. *See id*. at 153-55. It did not address cooperation as a factor in determining whether a claimant fails to exhaust her administrative remedies. Accordingly, *Lopez* has no application in this instance.[5]

Under the facts of this case, we conclude that Portella exhausted her administrative remedies under the CHRA. Therefore, the trial court did not err in denying the City's plea to the jurisdiction based on immunity from suit and exhaustion of remedies. We overrule the City's sole issue.

---

[5]The City also provides quotes from federal cases in support of its argument that cooperation should be a factor to consider in a review of exhaustion of administrative remedies. *See Shikles v. Sprint/United Mgmt. Co*., 426 F.3d 1304, 1314-15 (10th Cir. 2005) (holding that a private sector employee was required to cooperate with the EEOC in order to exhaust his administrative remedies); *but see Doe v. Oberweis Dairy*, 456 F.3d 704, 709-12 (7th Cir. 2006), *cert. denied*, 549 U.S. 1278 (2007) (concluding that a charging party's failure to cooperate with the EEOC's investigation did not block that investigation or a suit and noting that while "[t]he Tenth Circuit [in *Shikles*] acknowledged the Supreme Court's admonition that no requirements beyond those in the statute should be imposed . . . it imposed them anyway"). However, as discussed above, Texas law is clear regarding when administrative remedies are exhausted under the facts of this case. Thus, we need not look to federal law to interpret these provisions. *See* TEX. LAB. CODE ANN. § 21.001(1) (Vernon 2006) (setting out purposes of chapter 21); *Quantum Chem. Corp. v. Toennies*, 47 S.W.3d 473, 476 (Tex. 2001) (explaining that, because one of the purposes of chapter 21 is to execute the policies of Title VII of the Civil Rights Act of 1964, federal case law may be cited as authority); *NME Hosps., Inc. v. Rennels*, 994 S.W.2d 142, 144 (Tex. 1999) (adhering to legislative intent, Texas courts have looked to federal law in interpreting these provisions).

## IV. Conclusion

We affirm the trial court's order denying the City's plea to the jurisdiction.

NELDA V. RODRIGUEZ
Justice

Delivered and filed the
25th day of March, 2010.