**Opinion filed July 23, 2015**



In The

# Eleventh Court of Appeals

_____

## No. 11-13-00207-CV

_____

## SHERYL TAYLOR, Appellant

## V.

## STATE OF TEXAS AND TEXAS DEPARTMENT OF CRIMINAL JUSTICE, Appellees

**On Appeal from the 104th District Court**
**Taylor County, Texas**
**Trial Court Cause No. 25,410-B**

## M E M O R A N D U M   O P I N I O N

This is an appeal from a plea to the jurisdiction in favor of the State of Texas and the Texas Department of Criminal Justice. We affirm.

In December 2007, Sheryl Taylor, Appellant, voluntarily left her position as a sociologist with the Texas Department of Criminal Justice due to alleged sexual harassment by her supervisor, Troyce Sosebee. Appellant filed a discrimination suit with the Equal Employment Opportunity Commision (EEOC) against Sosebee. The suit was ultimately dismissed for nonpayment of the filing fees.

In August 2010, Appellant learned that Sosebee was retiring. Appellant applied to the vacant sociology position. Sosebee conducted the interviews along with the hiring board. Appellant was not hired as a sociologist in 2010.

Appellant, in August 2011, submitted an open records request to determine why she was not rehired. The State produced the records on August 19, 2011. The records included an employer reference from Sosebee in which Sosebee stated that Appellant was not eligible for rehire and that Appellant lacked personal integrity for honesty and truthfulness.

On September 11, 2011, Appellant filed a claim for discrimination with the EEOC. Appellant alleged that Sosebee retaliated against her when he said that Appellant was not eligible for rehire. Appellant received a "right to sue" letter on February 27, 2012. The EEOC closed the case because Appellant's "charge was not timely filed with the EEOC." Appellant filed the underlying suit on March 23, 2012.

Appellees filed an answer and a plea to the jurisdiction in which they alleged that Appellees did not waive governmental immunity, that Appellant did not exhaust her administrative remedies, and that Appellant's suit was barred by the statute of limitations. The trial court granted Appellees' plea to the jurisdiction. Appellant filed this accelerated appeal.

Appellant presents two issues on appeal. In her first issue, Appellant argues that the trial court erred when it granted Appellees' plea to the jurisdiction. In her second issue, Appellant contends that the trial court abused its discretion when it failed to make findings of fact and conclusions of law.

"A plea to the jurisdiction is a dilatory plea, the purpose of which is to defeat a cause of action without regard to whether the claims asserted have merit." *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). By it, the movant challenges the trial court's subject-matter jurisdiction over a pleaded cause of action. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225–26 (Tex. 2004).

2

If a governmental unit has immunity from a pending suit, the trial court lacks subject-matter jurisdiction as to that claim. *Rusk State Hosp. v. Black*, 392 S.W.3d 88, 95 (Tex. 2012). Because subject-matter jurisdiction is a question of law, we apply a de novo standard of review to a trial court's ruling on a plea to the jurisdiction. *Miranda*, 133 S.W.3d at 226.

In their plea to the jurisdiction, Appellees argued that Appellant failed to exhaust her administrative remedies before she brought this suit under the Texas Commission on Human Rights Act, chapter 21 of the Labor Code. *See City of Waco v. Lopez*, 259 S.W.3d 147, 154–55 (Tex. 2008). To exhaust administrative remedies under chapter 21 of the Labor Code, a plaintiff must do the following: (1) file a complaint with the Texas Workforce Commission, or the EEOC, within 180 days of the alleged discriminatory practice; (2) permit the TWC, or the EEOC, to dismiss the complaint or resolve it within 180 days before filing suit; and (3) file suit no later than two years after the complaint is filed. TEX. LAB. CODE ANN. §§ 21.0015, .201, .202, .208, .256 (West 2015); *Rice v. Russell-Stanley, L.P.*, 131 S.W.3d 510, 513 (Tex. App.—Waco 2004, pet. denied).

It is undisputed that Appellant did not file her complaint until September 11, 2011. The alleged discriminatory practice occurred sometime in 2010; however, Appellant does not state when she learned that she would not be rehired. Appellant filed her claim after the 180 days required by chapter 21. LAB. § 21.201. The EEOC dismissed her claim for untimely filing.

In her response to the plea to the jurisdiction and on appeal, Appellant alleged that the discovery rule applied. If the discovery rule applied, the 180-day limitation did not accrue until Appellant received the records she requested. *See S.V. v. R.V.*, 933 S.W.2d 1, 4–6 (Tex. 1996). Appellant cites no cases, and we have found none, where the discovery rule applies to claims for retaliation.

Assuming, without deciding, that the discovery rule applies, we conclude that Appellant's own pleadings established that she, in the exercise of reasonable care and diligence, should have discovered her injury within the 180 days required to file her discrimination claim. Appellant stated that she reapplied in August 2010 for a position at the Department of Criminal Justice. Sosebee interviewed her for that position. Appellant argued at the hearing that Sosebee "harassed me, retaliated against me, and discriminated against me for five years." Appellant was not hired. It was not until August 2011 that Appellant requested her records. Appellant received those records by August 19. Appellant then waited almost another month to file her claim.

Appellant could have, but did not, request her records immediately after she learned that she would not be hired. Instead, the evidence establishes that, after she applied, Appellant waited at least a year to request her records. In an effort to avoid limitations, Appellant argues that she was not aware of the alleged discriminatory acts until August 2011. However, the issue is not when she learned of the alleged acts, but when she knew of facts, conditions, or circumstances that would cause a reasonable person to make inquiry leading to discovery of her cause of action. *See Borderlon v. Peck*, 661 S.W.2d 907, 909 (Tex. 1983). Thus, Appellant knew, or should have known, of facts that in the exercise of reasonable diligence would have led to the discovery of her injury. *Id.* The trial court did not err when it granted Appellees' plea to the jurisdiction. We overrule Appellant's first issue.

In her second issue, Appellant argues that the trial court erred when it did not make any findings of fact or conclusions of law despite a timely request and reminder. TEX. R. CIV. P. 296, 297. But a trial court has no duty to file findings of fact and conclusions of law in a case, like this one, that it has dismissed after a plea to the jurisdiction was granted. *See Wion v. Thayler*, No. 10-09-00369-CV, 2010 WL 4644497, at *1 (Tex. App.—Waco Nov. 17, 2010, no pet.) (mem. op.); *see also*

4

*F-Star Socorro, L.P. v. El Paso Cent. Appraisal Dist.*, 324 S.W.3d 172, 175 (Tex. App.—El Paso 2010, no pet.) ("Consequently, there were no fact issues for the trial court to resolve prior to making its decision [on the plea to the jurisdiction], and findings of fact and conclusions of law would have served no purpose."). Accordingly, the trial court did not err when it failed to file findings of fact and conclusions of law. Appellant's second issue is overruled.

We affirm the order of the trial court.


JIM R. WRIGHT

CHIEF JUSTICE


July 23, 2015

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.