# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-05-00297-CV

**Texas Department of Public Safety, Appellant// Cross-Appellants, Alan W. Alexander, Billy Davis, Joseph Randy Dillard, Ruben Duran, Kenny Foster, Maria G. Garza, Gregory Haire, Bobby Harper, Eduardo Jimenez, Dennis D. Land, Danny Lewis, William D. Lord, James S. Lucas, Gary P. McCully, Robert E. Ralls, Jerry Schwab**

**v.**

**Alan W. Alexander, Billy Davis, Joseph Randy Dillard, Ruben Duran, Kenny Foster, Maria G. Garza, Gregory Haire, Bobby Harper, Eduardo Jimenez, Dennis D. Land, Danny Lewis, William D. Lord, James S. Lucas, Gary P. McCully, Robert E. Ralls, Jerry Schwab, Appellees// Cross-Appellee, Texas Department of Public Safety**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT NO. GN202911, HONORABLE LORA J. LIVINGSTON, JUDGE PRESIDING

## O P I N I O N

Sixteen plaintiffs—Alan W. Alexander, Billy Davis, Joseph Randy Dillard, Ruben Duran, Kenny Foster, Maria G. Garza, Gregory Haire, Bobby Harper, Eduardo Jimenez, Dennis D. Land, Danny Lewis, William D. Lord, James S. Lucas, Gary P. McCully, Robert E. Ralls, and Jerry Schwab ("the plaintiffs")—sued the Texas Department of Public Safety (TDPS), bringing claims for declaratory and injunctive relief, *see* Tex. Civ. Prac. & Rem. Code Ann. §§ 37.001-.011 (West 2008), and claims under the Texas Commission on Human Rights Act (TCHRA), *see* Tex. Lab. Code Ann. §§ 21.051, 21.055 (West 2006). The plaintiffs' claims were based on a November 2001 promotion process in which none of the plaintiffs was promoted. Before the case

went to trial, TDPS filed a plea to the jurisdiction, which the trial court denied. TDPS appealed the ruling to this court in an interlocutory appeal and filed a motion for stay of trial pending appeal. The trial court denied the motion and proceeded to trial. The jury found in favor of Garza on her gender-discrimination claim and Garza and Ralls on their retaliation claims. The jury also found that TDPS failed to conduct its promotion process in a manner consistent with its policies and procedures. In a final judgment, the trial court ordered that Garza and Ralls recover on their claims and that all the plaintiffs recover attorneys' fees. The trial court also granted declaratory and injunctive relief.

Meanwhile, TDPS's interlocutory appeal regarding the denial of its plea to the jurisdiction was still pending before this court. In April 2005, we dismissed the interlocutory appeal as moot but noted that TDPS could raise issues relating to the denial of its plea to the jurisdiction in an appeal from the final judgment. *See Texas Dep't of Pub. Safety v. Alexander*, No. 03-04-00439-CV (Tex. App.—Austin April 14, 2005), *available at* http://www.3rdcoa.courts.state.tx.us/opinions/Opinion.asp?OpinionID=13648. In May 2005, TDPS appealed from the trial court's final judgment, and we transferred the documents and records from the interlocutory appeal to the appeal from the final judgment. Because we conclude that the trial court lacked subject-matter jurisdiction over the plaintiffs' claims, we vacate the trial court's final judgment and dismiss the plaintiffs' suit for want of subject-matter jurisdiction.

## BACKGROUND

In August 2001, TDPS announced the opening of eleven captain positions in the narcotics service. The positions became available as a result of a major restructuring of the narcotics service based on a mandate from the governor's office. To apply for promotion, applicants had to undergo a written and oral exam. After applicants completed the written exam, those with the top

2

thirty-three scores were called to appear for interviews before an oral examining board in November 2001. The plaintiffs were among the thirty-three candidates called to appear before the board. The eleven people with the highest total scores from a combination of the scores they received on the written and oral exams were then promoted to the eleven open captain positions. TDPS announced the results of the promotion process at the end of November 2001. None of the plaintiffs were among those promoted.

After the promotions were announced and the oral-exam scores revealed, the plaintiffs began to suspect that the eleven people promoted had already been chosen by the oral examining board before it conducted the oral exams and that the board had "rigged" the oral-exam process to secure the promotion of the eleven pre-chosen applicants. In August 2002, the plaintiffs filed suit in state court against TDPS, seeking declaratory and injunctive relief.[1] Later, in December 2003, the plaintiffs filed an amended petition in state court in which all the plaintiffs

[1] The plaintiffs also filed suit in federal court against several TDPS officials in their individual capacities, bringing claims under 42 U.S.C. § 1983. In January 2003, the plaintiffs amended their state-court petition to add claims of discrimination and retaliation in violation of both state and federal law, including the TCHRA, the Texas Whistle Blower's Act, Title VII, and the ADEA. TDPS removed the state suit to federal court, where the suit was consolidated with the pending federal action. TDPS filed a motion for summary judgment, which the court granted in part and denied in part. Consistent with the court's summary-judgment ruling, the court dismissed with prejudice all claims brought under the Texas Whistle Blower's Act and the § 1983 claims of Alexander, Dillard, Davis, Duran, Garza, Haire, Jimenez, Land, Lewis, Lord, Lucas, McCully, Ralls, and Schwab. The court also dismissed with prejudice the plaintiffs' equal-protection and due-process claims for failure to state a claim upon which relief could be granted. Based on an agreement between the parties, the court further dismissed with prejudice the Title VII, ADEA, and § 1983 claims of Garza, Haire, and Lewis and remanded the same plaintiffs' TCHRA claims to state court. The court also dismissed with prejudice the plaintiffs' federal discrimination and retaliation claims and remanded to state court the plaintiffs' state retaliation claims and claims for declaratory and injunctive relief. The only surviving federal claims were the § 1983 claims of Foster and Harper. The record does not reflect what became of the surviving federal claims.

3

asserted claims for declaratory and injunctive relief, and Garza, Haire, and Lewis asserted claims of discrimination under the TCHRA—Garza based on gender, Haire based on race, and Lewis based on age. All of the plaintiffs brought claims of retaliation under the TCHRA, alleging that TDPS refused to promote them after the November 2001 promotions because they filed charges of discrimination.

In June 2004, TDPS filed a plea to the jurisdiction, arguing among other things that the plaintiffs did not timely file their complaints of discrimination. The trial court denied the plea. TDPS appealed the court's ruling and filed a motion for stay of trial pending appeal. The trial court denied the motion, and the case proceeded to trial before a jury. During trial, the plaintiffs did not introduce any further documentary evidence regarding the timeliness of their complaints. However, some of the plaintiffs—Foster, Garza, Haire, Lord, Lucas, and Ralls—testified to varying degrees about the filing of their complaints. After the plaintiffs rested their case, TDPS moved for a directed verdict on several points, including a repetition of its earlier allegation that the plaintiffs failed to establish that they timely filed their complaints of discrimination. The trial court denied the motion. The jury found in favor of Garza on her gender discrimination claim and Garza and Ralls on their retaliation claims. The jury also found that TDPS failed to conduct its promotional process in a manner consistent with its policies and procedures. Before the trial court entered its final judgment, TDPS filed a motion for judgment notwithstanding the verdict, alleging once more among other things that Garza and Ralls failed to establish that they timely filed their charges of discrimination. The trial court denied the motion.

In the trial court's final judgment, the court ordered that Garza and Ralls recover back pay, compensatory damages, and prejudgment interest, and ordered TDPS to promote Garza and

Ralls to the first two captain positions that became available in the narcotics service. The court also issued a permanent injunction, enjoining TDPS from discriminating in its promotion processes on the basis of gender or retaliating against people who exercised their rights or engaged in protected activities as defined in the TCHRA. In addition, the court stated that TDPS was required by law to follow its written policies and procedures for selecting candidates, that it failed to follow the law and its policies regarding the 2001 promotion process, and that senior officials intentionally circumvented the law and manipulated the process to promote eleven pre-selected candidates. The court then issued a declaration that the 2001 promotion process was not based on merit, thus violating state law and departmental policy, and ordered TDPS to follow its written policies and procedures regarding promotions. Finally, the court ordered that the plaintiffs recover attorneys' fees and costs and pre- and post-judgment interest.

TDPS appealed from the final judgment, and we combined documents and records filed with the interlocutory appeal with those filed with the appeal from the final judgment. *See id*. Because we conclude that the trial court lacked subject-matter jurisdiction over all of the plaintiffs' claims, we do not reach the issues raised regarding trial.

**DISCUSSION**

In Texas, sovereign immunity deprives a trial court of subject-matter jurisdiction for lawsuits in which the state or certain governmental units have been sued unless the state consents to suit. *Texas Parks & Wildlife Dep't v. Miranda*, 133 S.W.3d 217, 224 (Tex. 2004). The TCHRA provides a limited waiver of sovereign immunity when a governmental unit has committed employment discrimination on the basis of race, color, disability, religion, sex, national origin, or

5

age, or when a governmental entity has retaliated or discriminated against a person who engaged in certain protected activities. *See* Tex. Lab. Code Ann. §§ 21.002(8)(D), 21.051, 21.254 (West 2006); *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 660 (Tex. 2008); *Texas Dep't of Criminal Justice v. Cooke*, 149 S.W.3d 700, 704 (Tex. App.—Austin 2004, no pet.). Sovereign immunity from suit defeats a trial court's subject-matter jurisdiction and is therefore properly asserted in a plea to the jurisdiction.[2] *Miranda*, 133 S.W.3d at 225-26.

In its plea to the jurisdiction, TDPS argued that the plaintiffs failed to provide some amount of evidentiary support for each element of their discrimination and retaliation claims and that the plaintiffs' claims were time-barred. In response to the plea, the plaintiffs presented evidence in support of their claims and the timeliness of the filing of their complaints of discrimination. After considering the evidence, the trial court denied the plea. On appeal, we address two issues: (1) whether the plaintiffs' TCHRA claims are time-barred, leaving the court without subject-matter jurisdiction over those claims, and (2) if so, whether the court therefore also loses jurisdiction over the plaintiffs' declaratory-judgment claim.[3] We address each issue in turn.

### TCHRA Claims—Timeliness of Complaints

In order to bring a claim of employment discrimination under the TCHRA, plaintiffs must file a sworn, written complaint with TCHR within 180 days of the alleged discriminatory act.

---

[2] A challenge to the trial court's subject-matter jurisdiction may be raised for the first time on appeal. *See Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993).

[3] In its brief regarding the denial of its plea to the jurisdiction, TDPS also argues that the plaintiffs were required to and did not provide some amount of evidentiary support on each element of their retaliation claims. Because we conclude that the plaintiffs' claims are time-barred, we need not address the evidentiary argument.

*See* Tex. Lab. Code Ann. §§ 21.201-.202 (West 2006). The timely filing of an administrative complaint is a mandatory and jurisdictional prerequisite to filing suit. *Specialty Retailers, Inc. v. DeMoranville*, 933 S.W.2d 490, 492 (Tex. 1996); *Texas Parks & Wildlife Dept. v. Dearing*, 150 S.W.3d 452, 458 (Tex. App.—Austin 2004, pet. denied).[4]

The time period for filing a complaint begins to run when the discriminatory acts occur, not when the consequences of the acts become most painful. *Specialty Retailers*, 933 S.W.2d at 492. In the case of an alleged discriminatory employment decision, the limitations period begins to run when the employee is informed of the decision, not when the decision comes to fruition. *Id*. at 493.

In this case, the record shows that TDPS distributed a communication on November 30, 2001, announcing the names of the eleven employees chosen for promotion. The promotions took effect on December 15, 2001. Because appellees were informed of the promotions on November 30, 2001, the limitations period began to run on that date. *See id*. Thus, appellees were required to file their charges of discrimination no later than May 29, 2002.

---

[4] The plaintiffs' timely filing of their complaints is only one of the requirements they were required to satisfy in order to exhaust their administrative remedies before bringing suit in an employment-discrimination case. *See* Tex. Lab. Code Ann. §§ 21.201-.262 (West 2006); *Schroeder v. Texas Iron Works, Inc.*, 813 S.W.2d 483, 485-86 (Tex. 1991). To exhaust their administrative remedies, they had to: (1) file the complaint with TCHR within 180 days of the alleged discriminatory act; (2) allow TCHR 180 days to dismiss or resolve the complaint before filing suit; and (3) file suit in district court no later than two years after the complaint is filed with TCHR. *See* Tex. Lab. Code Ann. §§ 21.201-.202, 21.208, 21.256. Because in its plea to the jurisdiction and appellate briefs TDPS challenges only the first requirement—the timeliness of the filing of the plaintiffs' complaints of discrimination—we address only that issue with regard to the plaintiffs' exhaustion of their administrative remedies.

## A.  Significance of Complaint

Because an administrative complaint serves to establish the jurisdiction of the court, the complaint itself carries significance and must meet several statutory requirements.  In order for a document to constitute a proper complaint of discrimination, it must:  (1) be in writing; (2) be made under oath; (3) state that an unlawful employment practice was committed; (4) contain the facts on which the complaint is based, including the date, place, and circumstances of the alleged unlawful employment practice; and (5) include facts sufficient to enable TCHR to identify the respondent.  *See* Tex. Lab. Code Ann. § 21.201.

A recent U.S. Supreme Court case serves to further highlight the importance of the contents of an administrative complaint of discrimination.  *See Federal Express Corp. v. Holowecki*, 128 S. Ct. 1147, 1157-60 (2008).  In *Holowecki*, the U.S. Supreme Court held that a complaint of unlawful age discrimination under the Age Discrimination in Employment Act must contain certain specified information, including (1) the name, address, and telephone number of the employee and the employer; (2) an allegation that the employee has been the victim of discrimination; (3) the number of employees who work at the employee's place of employment; (4) a statement indicating the employee has not sought the assistance of any government agency regarding the matter; and (5) a request for the agency to take remedial action to protect the employee's rights or otherwise settle a dispute between the employer and the employee.[5]  *Id.*

---

[5] Because one of the purposes of the TCHRA is to correlate state law with federal law in employment-discrimination cases, we may look to federal law in interpreting the TCHRA's provisions.  *See* Tex. Lab. Code Ann. § 21.001 (West 2006); *M.D. Anderson Hosp. & Tumor Inst. v. Willrich*, 28 S.W.3d 22, 24 (Tex. 2000).  Here, we cite to *Holowecki* for the general principle that the complaint itself has significance and must contain certain substantive components.

Because a complaint must contain certain specified information, a plaintiff's failure to establish the necessary components of the complaint is a failure to meet the statutory prerequisites to filing suit, resulting in a failure to properly exhaust administrative remedies. *See* Tex. Lab. Code Ann. § 21.201. In addition, the factual allegations included in the complaint are of particular importance because they determine the basis upon which a plaintiff may sue. *See Elgaghil v. Tarrant County Junior Coll.*, 45 S.W.3d 133, 142 (Tex. App.—Fort Worth 2000, pet. denied) (stating that when filing suit under TCHRA, plaintiff "may raise only the specific issue made in the employee's administrative complaint and 'any kind of discrimination like or related to the charge's allegations.'") (quoting *Fine v. GAF Chem. Corp.*, 995 F.2d 576, 578 (5th Cir. 1993)).

## B. Standard of Review—Plea to the Jurisdiction

A plea to the jurisdiction often may be determined solely from the pleadings. *See Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554-55 (Tex. 2000). We review such a determination de novo. *Miranda*, 133 S.W.3d at 226. However, when a plea to the jurisdiction challenges the existence of jurisdictional facts, we must consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised. *Id*. at 227.

When, as here, a challenge to the existence of jurisdictional facts does not implicate the merits of the case and the facts are disputed, the court must make the necessary fact findings to resolve the jurisdictional issue. *See id*. at 226 ("Whether a district court has subject matter jurisdiction is a question for the court, not a jury, to decide, even if the determination requires making factual findings, unless the jurisdictional issue is inextricably bound to the merits of the case.") (quoting *Cameron v. Children's Hosp. Med. Ctr.*, 131 F.3d 1167, 1170 (6th Cir. 1997) (citing

9

*Williamson v. Tucker*, 645 F.2d 404, 412-13 (5th Cir. 1981))). Although the jurisdictional determination should be made as soon as practicable, the trial court has discretion to await further development of the case. *See id*. at 227.

The jurisdictional evidence here, which involves the timeliness of the plaintiffs' complaints of discrimination, does not implicate the merits of the case, which concern whether TDPS discriminated or retaliated against the plaintiffs. As previously indicated, TDPS's challenge to the timeliness of the plaintiffs' complaints of discrimination is a challenge to the existence of jurisdictional facts to support the trial court's subject-matter jurisdiction. *See Specialty Retailers*, 933 S.W.2d at 492. The trial court was therefore required to resolve the jurisdictional issue based on undisputed facts or its own fact findings. *Miranda*, 133 S.W.3d at 226. Where, as here, the trial court did not issue findings of fact, we presume that the trial court resolved all factual disputes in favor of its determination. *American Type Culture Collection, Inc. v. Coleman*, 83 S.W.3d 801, 806 (Tex. 2002). Thus, because the trial court denied TDPS's plea to the jurisdiction, we presume that the trial court made a factual finding that the plaintiffs timely filed their complaints.

On appeal, any fact findings made to resolve the jurisdictional issue, including implied findings, may be challenged for legal sufficiency. *See BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 795 (Tex. 2002). We review the entire record to determine if any evidence supports jurisdiction. *Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993). Here, TDPS challenges the legal sufficiency of the evidence supporting the trial court's implied finding that the plaintiffs timely filed their complaints.

## C. Legal-Sufficiency Standard

In this legal-sufficiency challenge, the specific jurisdictional issue we must address is whether the plaintiffs raised any evidence that they filed, on or before May 29, 2002, an administrative complaint with TCHRA that met all the requirements listed in section 21.201 of the labor code and set forth the specific factual allegations upon which they later filed suit. *See* Tex. Lab. Code Ann. § 21.201; *Elgaghil*, 45 S.W.3d at 142. For TDPS to prevail on its challenge, it must establish that there is no evidence to support the trial court's implied finding that the plaintiffs timely filed proper complaints. *See Croucher v. Croucher*, 660 S.W.2d 55, 58 (Tex. 1983) (stating that appellant who attacks legal sufficiency of adverse finding on issue on which he did not have burden of proof must demonstrate on appeal that there is no evidence to support finding). We will sustain a legal-sufficiency or "no evidence" challenge if the record shows: (1) the complete absence of evidence of a vital fact; (2) that the court is barred by the rules of law or evidence from giving weight to the only evidence offered to prove a vital fact; (3) that the evidence offered to prove a vital fact is no more than a scintilla; or (4) that the evidence establishes conclusively the opposite of a vital fact. *City of Keller v. Wilson*, 168 S.W.3d 802, 810 (Tex. 2005).

We review the evidence in the light favorable to the finding, crediting favorable evidence if a reasonable fact-finder could and disregarding contrary evidence unless a reasonable fact-finder could not. *Id*. at 807. The ultimate test for legal sufficiency is whether the evidence would enable reasonable and fair-minded people to make the finding under review. *Id*. at 827. We cannot substitute our judgment for that of the trier of fact as long as the evidence falls within this zone of reasonable disagreement. *Id*. at 822. However, if the evidence allows of only one inference, we may not disregard it. *Id*. When the evidence offered to prove a vital fact is so weak as to do no

more than create a mere surmise or suspicion of its existence, the evidence is no more than a scintilla and, in legal effect, is no evidence. *See Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 601 (Tex. 2004). Thus, evidence that is so slight as to make any inference a guess is in legal effect no evidence. *Id*.

## D. Legal-Sufficiency Analysis

In support of its plea to the jurisdiction, TDPS submitted a copy of each plaintiff's "Charge of Discrimination," which was filed with TCHR and the Equal Employment Opportunity Commission (EEOC) and then sent to TDPS's Office of General Counsel by the EEOC. Because all of the charges are dated after the May 29, 2002 deadline, TDPS argued that the plaintiffs did not timely file their charges. In response, the plaintiffs submitted several documents purporting to establish the timely filing of a complaint, none of which included a copy of any type of complaint document filed before the deadline. On appeal, the plaintiffs argue that they established the timely filing of their charges because they showed that they filed their *intake questionnaires* before the deadline, and they contend that their intake questionnaires serve as initial complaints on which the "finalized" charges of discrimination are based and to which the finalized charges should relate back.[6] We agree that timely filed intake questionnaires can sometimes be used to satisfy the

---

[6] In addition to the other documents the plaintiffs offered in response to TDPS's plea to the jurisdiction, they also provided a document titled "How to File an Employment Discrimination Complaint," which explains how an intake questionnaire eventually becomes a finalized complaint. The document states that employees seeking to file a complaint must first call or visit the TCHR office and request an intake questionnaire. Once they complete the questionnaire, the TCHR office assigns an investigator to the case, who drafts a perfected complaint based on what the employees stated in the questionnaire. After the investigator completes the perfected complaint, the complaint is mailed to the employees, and the employees must review, sign, and notarize it. Once they do so, they must return the complaint to the TCHR office no later than thirty days after receiving it.

timeliness requirement under the TCHRA. *See* Tex. Lab. Code Ann. § 21.201(e), (g); *Hennigan v. I.P. Petroleum Co., Inc.*, 858 S.W.2d 371, 373 (Tex. 1993); *see also Texas Tech Univ. v. Finley*, 223 S.W.3d 510, 515 (Tex. App.—Amarillo 2006, no pet.) (charge deemed timely even though dated after deadline because plaintiff's initial complaint letter, which satisfied requirements of proper complaint, filed before deadline); *Stanley Stores, Inc. v. Chavana*, 909 S.W.2d 554, 559 (Tex. App.—Corpus Christi 1995, writ denied) (charge dated after deadline deemed timely because related back to date plaintiff sent initial complaint letter). However, only one of the sixteen plaintiffs provided a copy of an intake questionnaire in response to TDPS's plea to the jurisdiction, and the questionnaire does not contain any indication that it was filed by the deadline. The record does not contain any other similar document filed by any of the other plaintiffs on or before the deadline.[7]

Because the record does not include direct evidence that the plaintiffs timely filed an intake questionnaire or similar document before the 180-day deadline, we must determine whether the circumstantial evidence presented by the plaintiffs is legally sufficient to establish the

---

[7] In support of their argument that they need not produce copies of their intake questionnaires in order to prove the timeliness of their filings, the plaintiffs cite to *Rice v. Russell-Stanley, L.P.*, 131 S.W.3d 510, 514 (Tex. App.—Waco 2004, pet. denied). However, the issue in *Rice* is considerably different from the one here. In *Rice*, the plaintiff timely filed his discrimination complaint with the TCHR and the EEOC and received a right-to-sue letter from the EEOC but not from the TCHR. *Id*. at 512. The defendant filed a no-evidence motion for summary judgment, asserting that the plaintiff was required to provide a copy of his right-to-sue letter from the TCHR in order to prove that he exhausted his administrative remedies. *Id*. The court held that the right-to-sue letter itself was not part of the exhaustion requirement. *Id*. at 513. Rather, it was a plaintiff's entitlement to a right-to-sue letter that exhausted his administrative remedies. *Id*. Here, the issue involves the plaintiffs' initial complaints, not their right-to-sue letters. In fact, neither of the parties in this case raises the issue of right-to-sue letters. Accordingly, we conclude that *Rice* is too distinguishable from this case to support the plaintiffs' position.

questionnaires' content and timeliness.  An ultimate fact may be proven by circumstantial evidence, *Russell v. Russell*, 865 S.W.2d 929, 933 (Tex. 1993), but circumstantial evidence must still consist of more than a scintilla in order to withstand a legal-sufficiency challenge, *Blount v. Bordens, Inc.*, 910 S.W.2d 931, 933 (Tex. 1995).  A fact-finder may not infer an ultimate fact from meager circumstantial evidence that could give rise to any number of inferences, none more probable than another. *Hammerly Oaks, Inc. v. Edwards*, 958 S.W.2d 387, 392 (Tex. 1997).  In cases with only slight circumstantial evidence, something else must be found in the record to corroborate the probability of the fact's existence or non-existence.  *Marathon Corp. v. Pitzner*, 106 S.W.3d 724, 729 (Tex. 2003).  A vital fact may not be established by piling inference upon inference. *Id*. at 728.

We begin our analysis with the evidence offered by fourteen of the plaintiffs, including Alexander, Davis, Dillard, Duran, Foster, Haire, Harper, Jimenez, Land, Lewis, Lord, Lucas, McCully, and Schwab ("the fourteen plaintiffs").  As stated previously, we review the entire record to determine if any evidence supports jurisdiction.  *Texas Ass'n of Bus.*, 852 S.W.2d at 446. To survive a legal-sufficiency challenge, the plaintiffs were required to present more than a scintilla of evidence that they timely filed an intake questionnaire or similar document containing the necessary components of a proper administrative complaint.  *See* Tex. Lab. Code Ann. §§ 21.201-.202; *City of Keller*, 168 S.W.3d at 810; *Elgaghil*, 45 S.W.3d at 142.  As evidence of the filing of their intake questionnaires, the fourteen plaintiffs offered the following:  (1) a copy of a memo they each wrote to their respective supervisors before the May 29, 2002 deadline stating that they had "initiated the complaint process" or "initiated a complaint of discrimination" with TCHR; (2) an affidavit from their attorney stating that either he or a member of his staff had personally contacted

14

each of the plaintiffs and confirmed that they all filed "a charge" with TCHR on or before May 30, 2002; and (3) an affidavit from Plaintiff Ralls stating that he filed a "charge of discrimination" on or before May 14, 2002, and that he confirmed that all of the other plaintiffs "followed the same procedure" he did.

While the evidence presented by the fourteen plaintiffs supports an inference that they filed some type of complaint document before the deadline, none of the evidence provides a reasonable basis for inferring that the fourteen plaintiffs timely filed a proper document to which we could date back a later perfected charge. *See* Tex. Lab. Code Ann. §§ 21.201-.202; *Hennigan*, 858 S.W.2d at 373; *Marathon Corp.*, 106 S.W.3d at 729; *Elgaghil*, 45 S.W.3d at 142. For example, the memos the fourteen plaintiffs wrote to their supervisors are evidence only that the plaintiffs took some type of action to complain about discrimination, not that they filed a document with TCHR containing the elements of a proper complaint. Similarly, the affidavits from the plaintiffs' attorney and Ralls are evidence only that the fourteen plaintiffs filed some type of document by the deadline, not that they filed a proper complaint. Thus, the record does not contain any evidence connecting the timely filing of *some document* with the timely filing of *an intake questionnaire or similar document containing the components of a proper complaint*.[8] Because the record contains no evidence that the fourteen plaintiffs timely filed proper complaints with TCHR, we hold that the

---

[8] In addition to the other evidence presented, Foster also produced an affidavit stating that he filed a "charge of discrimination" on or before May 16, 2002. However, like the other evidence, Foster's affidavit is evidence only that he filed some type of document by the deadline, not that he filed a document containing the components of a proper complaint. Thus, the affidavit does not add anything to the other evidence offered.

15

trial court erred in denying TDPS's plea to the jurisdiction with regard to the fourteen plaintiffs' TCHRA claims.[9] *See City of Keller*, 168 S.W.3d at 810; *Ford Motor Co.*, 135 S.W.3d at 601.

We turn now to the remaining two plaintiffs, Garza and Ralls, and to the evidence raised by each of them in response to TDPS's plea to the jurisdiction. We begin with the evidence presented by Garza, which included: (1) a copy of her intake questionnaire, signed by her and dated on May 21, 2002; and (2) an affidavit stating that she "filed a charge of discrimination concerning the [November 2001 promotion process]" on or before May 21, 2002.[10]

Although Garza's intake questionnaire contained specific information about the conduct of which she complained, and although intake questionnaires can sometimes be used to

---

[9] Even considering the additional evidence introduced at trial, the fourteen plaintiffs still did not offer any evidence that they timely filed a proper complaint. Like the evidence presented in response to TDPS's plea to the jurisdiction, some of the fourteen plaintiffs' trial testimony addressed the timeliness of the filing of some type of initial complaint document, but none of the testimony spoke to the issue of whether the initially filed document contained the components necessary to constitute a proper complaint. *See* Tex. Lab. Code Ann. § 21.201; *Federal Express Corp. v. Holowecki*, 128 S. Ct. 1147, 1157-60 (2008); *Elgaghil v. Tarrant County Junior Coll.*, 45 S.W.3d 133, 142 (Tex. App.—Fort Worth 2000, pet. denied). Further, none of the fourteen plaintiffs introduced a copy of their properly completed and filed initial complaint document. Thus, even at trial, the fourteen plaintiffs did not offer legally sufficient evidence of the timely filing of a proper complaint. *See City of Keller*, 168 S.W.3d 802, 810 (Tex. 2005); *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 601 (Tex. 2004).

[10] Garza also presented the same evidence as the fourteen plaintiffs: (1) a copy of a memo she sent to her supervisor on May 22, 2002, stating that she had "initiated the complaint process with [TCHR] alleging [her] concerns of discrimination" regarding the promotion process; (2) an affidavit from Ralls stating that he filed a "charge of discrimination" on or before May 14, 2002, and that he confirmed that all of the other plaintiffs "followed the same procedure" he did; and (3) an affidavit from the plaintiffs' attorney stating that either he or a member of his staff had personally contacted each of the plaintiffs and confirmed that they all filed their charges with TCHR before May 30, 2002. Because we have already determined that these three items are no evidence that the plaintiffs filed a timely intake questionnaire or similar document containing the components of a proper complaint, we do not analyze the items again here.

satisfy the timeliness requirement, *see Hennigan*, 858 S.W.2d at 373, Garza's questionnaire does not fall within the specified circumstances. In *Hennigan*, the Texas Supreme Court held that "a verified complaint filed outside of the 180-day time limit relates back to, and satisfies any deficiencies in an unverified questionnaire filed within the 180-day limit, therefore satisfying the 180-day jurisdictional requirement." *Id*. The court explained that its holding was based on section 21.201(e) of the labor code,[11] which allows complainants to amend their complaint to cure technical defects or omissions, and section 21.201(f) of the labor code, which allows an amendment to the complaint to relate back to the date the complaint was first received by the commission. *See* Tex. Lab. Code Ann. § 21.201(e), (f). Thus, if Garza could show that she filed her questionnaire before the 180-day deadline, she could receive the benefit of *Hennigan*, and her late-filed charge would relate back to the date she filed the questionnaire. However, Garza's questionnaire shows only that it bears a date indicating that it was signed before the deadline, not that Garza filed it by the deadline. There is no file stamp on the document, nor is there a notation of any kind underneath a typed statement on the first page of the document reading "Date Received by TCHR."[12] Thus, there must be something else in the record to create a logical bridge between the completed intake questionnaire and the timely filing of that questionnaire. *See Marathon Corp*., 106 S.W.3d at 729.

---

[11] The *Hennigan* court cited to a section of the Texas Administrative Code in force at the time, which was substantively the same as the current version of section 21.201 of the Texas Labor Code. Thus, we cite to the labor code for ease of reference.

[12] Because we are guided by federal-court decisions interpreting federal employment-discrimination statutes, we also note that Garza's intake questionnaire did not request remedial action of any kind as required by *Holowecki*. 128 S. Ct. at 1157-58. Specifically, Garza did not write a response to a question posed on a page attached to the intake questionnaire that asked, "What is the minimum remedy that you are willing to accept as a settlement or resolution should this develop into an official complaint?"

Garza's affidavit does not provide the necessary connection. Although the affidavit states that Garza timely filed a "charge of discrimination," it does not identify the charge as an intake questionnaire or explain the contents of the charge. As a result, a fact-finder could only speculate that the document filed by the deadline was in fact Garza's intake questionnaire. Because there is no evidence in the record to establish that Garza timely filed an intake questionnaire or any other document containing the components of a proper complaint, we conclude that the trial court erred in denying TDPS's plea to the jurisdiction with respect to Garza's TCHRA claims.[13]

We also conclude that the final remaining plaintiff, Ralls, did not raise any evidence that he timely filed a proper complaint. In response to TDPS's plea to the jurisdiction, Ralls presented: (1) a January 28, 2002 memo from him to the captain of his department written on behalf of himself and several other unnamed lieutenants, requesting a meeting with the chief of the department to determine the proper procedure for the lieutenants to file a complaint regarding the November 2001 promotion process; (2) a May 14, 2002 letter from TCHR to TDPS notifying TDPS that Ralls had filed a complaint, that TDPS may not be able to perfect the complaint within the 180-day time frame, and that his perfected complaint would be amended to reflect the date that his initial

---

[13] Although Garza offered a copy of her intake questionnaire in response to TDPS's plea to the jurisdiction, she did not offer a copy at trial or testify at trial that she filed her intake questionnaire by the deadline. Instead, she testified that she obtained a "complaint package" from TCHR in early May 2002 and that she informed TCHR that she felt TDPS discriminated against her based on her gender. She did not testify as to what constituted the "complaint package." In addition, she explained that she received a "charge sheet" from TCHR and that she signed and returned it. At another point, she testified that she picked up "the application" from TCHR, completed it, and submitted it. She did not explain the contents of the charge sheet or application. Thus, even at trial, Garza did not offer any evidence connecting the filing of some document—whether it was a "complaint package," "charge sheet," or "application"—with the filing of an intake questionnaire or similar document, nor did she offer evidence describing the contents of the document she claimed to have filed.

18

complaint was received by TCHR; (3) a May 30, 2002 letter from TCHR to Ralls stating that TCHR had referred Ralls's complaint to the EEOC for investigation; and (4) a June 20, 2002 letter from the EEOC to Ralls acknowledging receipt of Ralls's charge.[14]

Although Ralls presented some evidence that he filed *some type of document* complaining of discrimination before the deadline, he did not offer any evidence to establish that the document was an intake questionnaire or similar document containing the elements necessary to constitute a proper complaint. *See* Tex. Lab. Code Ann. § 21.201; *City of Keller*, 168 S.W.3d at 810; *Elgaghil*, 45 S.W.3d at 142. First, Ralls's January 2002 memo to his supervisor is evidence only that Ralls planned to file a complaint, not that he in fact filed one. Second, the May 2002 letters from TCHR and the June 2002 letter from the EEOC are evidence only that Ralls timely filed a complaint of some type, not that he filed an intake questionnaire or similar document and not that the document contained the components of a proper complaint. Thus, like the other plaintiffs, Ralls provides no evidence of the contents of the document or type of document he filed.

Further, although the May 14 letter from TCHR acknowledging receipt of Ralls's initial complaint stated that Ralls's perfected complaint would be amended to relate back to the date the initial complaint was received by TCHR—a result consistent with that in *Hennigan*—Ralls did

---

[14] In addition to the other evidence Ralls offered, he also provided some of the same evidence as Garza and the fourteen plaintiffs, including: (1) a memo to his supervisor indicating that he had "initiated the complaint process with [TCHR] alleging [his] concerns of discrimination" regarding the promotion process; (2) an affidavit from the plaintiffs' attorney stating that either the attorney or a member of his staff had personally contacted each of the plaintiffs and confirmed that they all filed their charges with TCHR before May 30, 2002; and (3) his own affidavit stating that he filed a "charge of discrimination" on or before May 14, 2002. Because we have already concluded that the same evidence offered by Garza and the fourteen plaintiffs is no evidence that they timely filed an intake questionnaire or similar document containing the components of a proper complaint, we do not re-weigh the evidence again here.

19

not produce a copy of his initial complaint or intake questionnaire. We therefore have no knowledge of the contents of the document he claims to have filed or the date it was filed, and we cannot relate a charge back to a date and document absent from the record. Accordingly, we conclude that Ralls offered no evidence to establish that he timely filed a proper complaint, and we hold that the trial court erred in denying TDPS's plea to the jurisdiction with regard to Ralls's TCHRA claims.[15] *See City of Keller*, 168 S.W.3d at 810.

### E. Conclusion

Because all of the plaintiffs failed to present any evidence of the timely filing of a proper complaint, the trial court erred in denying TDPS's plea to the jurisdiction with regard to the plaintiffs' TCHRA claims. *See City of Keller*, 168 S.W.3d at 810; *Davis v. Autonation USA Corp.*, 226 S.W.3d 487, 491 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (stating that failure to timely file administrative complaint deprives Texas trial courts of subject-matter jurisdiction).

### *Declaratory Relief*

We now turn to the plaintiffs' declaratory-judgment claim. The plaintiffs sought a declaration under the Uniform Declaratory Judgments Act (UDJA) that the November 2001 promotions were not based on merit and thus violated state law and departmental policy, including

---

[15] Ralls also testified at trial regarding the filing of his complaint. On direct examination, he spoke of his "notice of discrimination," which was admitted as an exhibit at trial. The notice of discrimination accompanied Ralls's perfected charge, which was dated after the deadline. On cross-examination, Ralls stated that he contacted TCHR and received a "packet" and "questionnaire," which he completed and sent back, and that TCHR then sent him a "formal charge," which he submitted. However, he still did not offer any evidence regarding the timely filing of a proper complaint because his generalized testimony about the filing of the document provided no description of its contents, and he did not produce a copy of the document.

section 411.007(b) of the Texas Government Code. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 37.001-.011 (West 2008). The trial court granted the plaintiffs' request, issuing a declaration tracking the language of the request. Because we have concluded that the trial court had no jurisdiction over the plaintiffs' TCHRA claims, we must now determine whether the court's declaration may stand independent of those claims.

The UDJA provides that a party "whose rights, status, or other legal relations are affected by a statute . . . may have determined any question of construction or validity arising under the . . . statute . . . and obtain a declaration of rights, status, or other legal relations." Tex. Civ. Prac. & Rem. Code Ann. § 37.004(a). Declaratory judgment is inappropriate if it would add nothing to the injunctive or other relief sought. *See Boatman v. Lites*, 970 S.W.2d 41, 43 (Tex. App.—Tyler 1998, no pet.). A declaratory judgment should not be rendered when there is no claim that a statute is ambiguous or invalid. *Id*. A declaratory judgment also may not be used solely as a vehicle to obtain attorneys' fees, and it is inappropriate if it will serve no useful purpose. *Id*. Further, the UDJA is "merely a procedural device for deciding cases already within a court's jurisdiction." *Koch v. Texas Gen. Land Office*, 273 S.W.3d 451, 456 (Tex. App.—Austin 2008, pet. filed) (quoting *Texas Ass'n of Bus.*, 852 S.W.2d at 444). The UDJA does not extend a court's jurisdiction, and a litigant's request for declaratory relief does not alter a suit's underlying nature. *Id*. (citing *Texas Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 855 (Tex. 2002)).

Here, the declaration stated that the November 2001 promotions were not based on merit and thus violated state law and departmental policy, including section 411.007(b) of the

Texas Government Code.[16]  In reviewing the issue, we find *City of Waco v. Lopez*, 259 S.W.3d 147

(Tex. 2008) instructive and hold that the trial court did not have jurisdiction over the plaintiffs'

declaratory-judgment claim because the TCHRA is the exclusive state statutory remedy available

for the plaintiffs' claims.  In *Lopez*, the plaintiff brought a claim under the Whistle Blower Act

alleging that he was fired in retaliation for filing a grievance with the city's EEO officer complaining

of age and race discrimination.  259 S.W.3d at 149-50.  The city filed a plea to the jurisdiction,

asserting that the TCHRA was the exclusive remedy for the plaintiff's retaliatory-discharge claim.

*Id*. at 150.  The court agreed with the city, concluding that the TCHRA provided the plaintiff a

"specific and tailored anti-retaliation remedy, and he was obliged to use it."  *Id*. at 156.

In its analysis, the court described the TCHRA as a "comprehensive remedial scheme

that grants extensive protections to employees in Texas, implements a comprehensive administrative

regime, and affords carefully constructed remedies."  *Id*. at 153-54.  The court also emphasized that

---

[16]  Section 411.007(b) provides:

> Appointment or promotion of an officer or employee must be based
> on merit determined under commission rules that take into
> consideration the applicant's age and physical condition, if
> appropriate and to the extent allowed under federal law, and that take
> into consideration the applicant's experience and education.  For
> promotions of commissioned officers, other than those positions
> covered under Section 411.0071, the department, with the advice and
> consent of the commission, shall establish processes to be
> consistently applied and based on merit.  Each person who has an
> application on file for a position in the department for which an
> applicant must take an examination shall be given reasonable written
> notice of the time and place of those examinations.

Tex. Gov. Code Ann. § 411.007(b) (West Supp. 2008).

the TCHRA was drafted to execute the policies of parallel employment discrimination laws—policies including administrative procedures, exhaustion of administrative remedies prior to litigation, and judicial review of administrative action. *Id*. at 154-55. In contrast, the court pointed out, the Whistle Blower Act is a "broad remedial measure" that "provides a general remedy" and has a "comparatively simple administrative exhaustion procedure." *Id*. at 154. The court determined that the TCHRA's policies "would be routinely thwarted if plaintiffs like Lopez, suing for retaliation, could simply frame their disputes as whistleblower claims and sidestep [the statute's] investigatory and conciliation scheme." *Id*. at 155. Accordingly, the court concluded that the TCHRA provided the plaintiff his exclusive state statutory remedy, and the plaintiff could recover only if he satisfied the requirements of the TCHRA. *Id*. at 156.

The same analysis applies in this case and compels the same conclusion. Like the Whistle Blower Act, the UDJA is not specific to employment-related complaints. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 37.001-.011. In addition, the UDJA does not require the exhaustion of administrative remedies prior to litigation. *See id*. Here, the plaintiffs sought a declaration that the November 2001 promotions violated a statute requiring the promotions to be based on merit. Although the plaintiffs pled the claim as one for declaratory judgment, the claim is in fact one of employment discrimination. *See Koch*, 273 S.W.3d at 456 (stating that litigant's request for declaratory relief does not alter suit's underlying nature). We have already concluded that the plaintiffs did not establish that they timely filed their claims of discrimination, thus failing to exhaust their administrative remedies under the TCHRA. If they were nonetheless allowed to seek a declaration that the November 2001 promotions were not based on merit, it would "render the limitations in the [TCHRA] utterly meaningless as applied to public employees." *See Lopez*,

23

259 S.W.3d at 154; *Texas Dep't of Pub. Safety v. Moore*, 985 S.W.2d 149, 157 (Tex. App.—Austin 1998, no pet.) ("Allowing the jurisdiction created by the UDJA to circumvent the procedures and remedies provided by the [TCHRA] could create a back door to district court not contemplated by the legislature."); *see also Texas A&M Univ. Sys. v. Luxemburg*, 93 S.W.3d 410, 425 (Tex. App.—Houston [14th Dist.] 2002, pet. denied) (declaratory-judgment action not appropriate where plaintiff's cause of action is mature and enforceable in pending suit involving same parties and issues as alleged in declaratory-judgment action).[17]  Accordingly, the plaintiffs' declaratory-judgment claim must be brought under and satisfy the requirements of the TCHRA.  *See* Tex. Lab. Code Ann. §§ 21.051, 21.055, 21.125, 21.201 (West 2006); *Lopez*, 259 S.W.3d at 156; *Moore*, 985 S.W.2d at 156 (stating that the TCHRA "provides the *exclusive remedy* for alleged discrimination in administrative agency personnel decisions.").

Because the plaintiffs did not establish that they satisfied the TCHRA's timeliness requirement, and because the TCHRA is the exclusive state statutory remedy for their claims, we conclude that the trial court did not have subject-matter jurisdiction over their declaratory-judgment claim.[18]

---

[17]  To the extent that the plaintiffs cite to *Moore* for the proposition that they are entitled to a declaration based on a previous unlawful employment practice regardless of whether they exhausted their administrative remedies under the TCHRA, we conclude that *Lopez* implicitly disavows such a proposition.

[18]  The plaintiffs' declaratory-judgment claim is also barred by sovereign immunity. *See City of El Paso v. Heinrich*, No. 06-0778, 2009 Tex. LEXIS 253, *13-14 (Tex. May 1, 2009) (holding that immunity shields state and its subdivisions from declaratory-judgment claims seeking declaration that state violated statute but does not shield state officials in official capacity).  Here, the plaintiffs' claim is barred because they brought suit against only TDPS and not its officials.

**CONCLUSION**

Dismissing claims for lack of jurisdiction after a full trial in the district court is sometimes a difficult, but necessary, judgment. It is both here. However, we note that the plaintiffs were on notice both before and during trial of TDPS's continual challenge to the timeliness of their charges of discrimination, yet they still failed to produce the necessary proof of timeliness. TDPS raised the issue three times—in a plea to the jurisdiction, a motion for directed verdict after the plaintiffs rested their case, and a motion for judgment notwithstanding the verdict after trial. In addition, TDPS's interlocutory appeal regarding the denial of its plea to the jurisdiction remained pending before this court throughout trial. Thus, the plaintiffs were well aware of the challenges and had ample time to obtain copies of their timely filed charges but still neglected to do so. Further, the time requirement for filing charges of discrimination is of great import and is strictly followed. *See Czerwinski v. Univ. of Tex. Health Sci. Ctr. at Houston Sch. of Nursing*, 116 S.W.3d 119, 121-22 (Tex. App.—Houston [14th Dist.] 2002, pet. denied) (stating that timeliness requirement "is of such import that failing to comply deprives the court of subject matter jurisdiction"); *Taylor v. General Tel. Co.*, 759 F.2d 437, 440 (5th Cir. 1985) (deeming EEOC charge untimely even though mailed by plaintiff on day of deadline and received by EEOC the following day).

Because the plaintiffs failed to establish that they timely filed their charges of discrimination, the trial court lacked subject-matter jurisdiction over their TCHRA claims. The trial court also lacked subject-matter jurisdiction over the plaintiffs' declaratory-judgment claim because the plaintiffs' exclusive state statutory remedy for their claims was the TCHRA. Accordingly, we vacate the trial court's judgment and dismiss this case for want of jurisdiction.

25

_____

David Puryear, Justice

Before Justices Patterson, Puryear and Waldrop
   Dissent by Justice Patterson

Vacated and Dismissed for Want of Jurisdiction

Filed:   October 22, 2009

26